**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

GREGORY ALLEN SCHNEIDER,
            *Defendant-Appellant.*

No. 02-4967

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

GREGORY ALLEN SCHNEIDER,
            *Defendant-Appellant.*

No. 02-4968

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., Chief District Judge.
(CR-98-522, CR-98-1116)

Submitted: May 20, 2003

Decided: July 7, 2003

Before WIDENER, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Katherine E. Evatt, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. Dean Arthur Eichelberger, OFFICE

OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

In these consolidated appeals, Gregory Allen Schneider appeals concurrent eight-month sentences he received for his second violation of two terms of supervised release imposed for two separate offenses to which he pled guilty in 1999. Schneider's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which she certifies there are no meritorious issues for appeal. Schneider, informed of his right to file a supplemental pro se brief, has not done so. Because we find no plain error in Schneider's sentence, for the following reasons, we affirm.

Although not asserted by counsel, our review of the record pursuant to *Anders* indicates Schneider should not have received a sentence for again violating a term of supervised release predicated on his conviction for impersonating a federal officer, which is a Class E felony. *See* 18 U.S.C. §§ 912, 3559(a)(5) (2000) (imposing a maximum of three years' incarceration for impersonating a federal officer and classifying offenses with less than five years maximum incarceration as Class E felonies, respectively). When Schneider violated the initial term of supervised release imposed for that conviction, a ten-month custodial sentence was imposed. His service of that period of confinement limited any subsequent term of supervised release to two months. *See* 18 U.S.C. § 3583(h) (2000); *see also United States v. Maxwell*, 285 F.3d 336, 341 (4th Cir. 2002). Consequently, because the activity underlying Schneider's most recent supervised release violation occurred approximately six to eight months after any additional supervised release related to his § 912 conviction should have

concluded, Schneider should not have received an additional eight months' incarceration with respect to that conviction.

Nevertheless, we conclude there was no plain error, as Schneider would have received an eight-month custodial sentence in any event. We find no error in the district court's imposition of a concurrent eight-month post-revocation sentence related to Schneider's conviction under 18 U.S.C. § 1341 (2000) for mail fraud, as Schneider stipulated to violating the conditions of his supervised release for that conviction, and the district court was apprised of the recommended sentencing ranges in fixing Schneider's sentence. *See United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995). Because the foregoing error did not in fact increase the term of incarceration imposed, the error did not affect his substantial rights, and thus does not amount to plain error. *See United States v. Angle*, 254 F.3d 514, 518 (4th Cir.) (en banc), *cert. denied*, 534 U.S. 937 (2001).

We have reviewed the entire record in this case in accordance with *Anders* and have found no meritorious issues for appeal. We therefore affirm Schneider's sentences. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*