**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4336

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LARRY CLINTON WILSON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Chief District Judge. (CR-94-206)

Submitted: February 24, 2005          Decided: March 4, 2005

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Larry Clinton Wilson, Jr., appeals from the district court's order revoking his supervised release and imposing a twenty-month sentence. Wilson's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but addressing the length of the sentence. Wilson was informed of his right to file a pro se supplemental brief, but he has not done so. Because our review of the record discloses no reversible error, we affirm the revocation of Wilson's supervised release and the sentence imposed.

Based on Wilson's admissions, the district court found that Wilson violated the conditions of his supervision and properly revoked his supervision. See 18 U.S.C.A. § 3583(e)(3) (West Supp. 2004). Wilson challenges the length of the sentence, which exceeded the six-to-twelve month range suggested by the Sentencing Guidelines. See U.S. Sentencing Guidelines Manual § 7B1.4(a) (1994). However, this range is not binding on the sentencing court. United States v. Davis, 53 F.3d 638, 640-41 (4th Cir. 1995). Indeed, a greater sentence may be warranted where, as here, the original sentence was the result of a downward departure. See USSG § 7B1.4, comment. (n.4). Because Wilson received a significant downward departure from his original sentence and he previously violated the terms of his supervision, the district court's decision to impose a sentence above the range suggested in

§ 7B1.4(a) was reasonable.  Additionally, we note that the imprisonment and supervised release terms did not exceed the maximum sentence that could be imposed on revocation.  See 18 U.S.C.A. § 3583(e)(3); Johnson v. United States, 529 U.S. 694, 702 (2000); United States v. Maxwell, 285 F.3d 336, 341 (4th Cir. 2002).  Accordingly, we affirm the sentence.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  We therefore affirm the district court's order revoking Wilson's supervised release and imposing a twenty-month sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED