PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

KEITH EVERETT MAXWELL,
          *Defendant-Appellant.*

No. 01-4527

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-31)

Argued: February 28, 2002

Decided: April 8, 2002

Before WIDENER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Vacated and remanded by published opinion. Senior Judge Hamilton
wrote the opinion, in which Judge Widener and Judge Motz joined.

_____

## COUNSEL

**ARGUED:** Eric David Placke, Assistant Federal Public Defender,
Greensboro, North Carolina, for Appellant. Michael Francis Joseph,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee. **ON BRIEF:** Louis C. Allen, III, Federal Public Defender,
Greensboro, North Carolina, for Appellant. Benjamin H. White, Jr.,
United States Attorney, Steven H. Levin, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

**OPINION**

HAMILTON, Senior Circuit Judge:

This appeal presents an issue of first impression in this circuit regarding the application of 18 U.S.C. § 3583(h) when a defendant, with respect to the same underlying offense, is being resentenced following the second revocation of his supervised release. In this regard, the issue is whether § 3583(h) requires a district court, in calculating a defendant's second postrevocation sentence, to subtract the term of imprisonment that was imposed upon the defendant following the first revocation of his supervised release from the total amount of supervised release originally authorized by statute for the underlying crime. For reasons that follow, we hold § 3583(h) does so require.

Applying this holding to the facts of the present appeal reveals that the district court erred by sentencing Keith Everett Maxwell (Maxwell) to a term of supervised release following his second revocation of supervised release, with respect to the same underlying offense, that did not take into account the term of imprisonment that was imposed upon Maxwell following the first revocation of supervised release. Because Maxwell did not object to this error below, we are constrained to review for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993).

For reasons that follow, we hold the error was plain and affected Maxwell's substantial rights. We also hold that a miscarriage of justice will result if we do not correct the error. Accordingly, we vacate Maxwell's sentence following the second revocation of his supervised release and remand for resentencing in accordance with this opinion.

I.

In October 1999, Maxwell was convicted on one count of the receipt of stolen postal money orders in violation of 18 U.S.C. § 500, a Class D Felony, 18 U.S.C. § 3559(a)(4). The maximum term of supervised release authorized for this criminal offense was thirty-six months. 18 U.S.C. § 3583(b)(2). The district court entered a judgment and commitment order that sentenced Maxwell to a twelve-month

term of imprisonment to be followed by a thirty-six-month term of supervised release.

On December 30, 1999, Maxwell began serving his first term of supervised release, which was revoked a little more than eight months later. Following the first revocation of Maxwell's supervised release, the district court sentenced Maxwell to an eleven-month term of imprisonment to be followed by a twenty-five-month term of supervised release.

On March 9, 2001, Maxwell began serving his second term of supervised release, which was revoked a little more than three months later. Following this second revocation of Maxwell's supervised release, the district court sentenced Maxwell to a ten-month term of imprisonment to be followed by a twenty-six-month term of supervised release. At this sentencing, in calculating the term of Maxwell's supervised release, the district court did not give Maxwell credit for the eleven-month term of imprisonment imposed following the first revocation of his supervised release. Notably, Maxwell did not raise a contemporaneous objection in this regard.

Maxwell noted the present timely appeal. On appeal, Maxwell seeks vacature of his second postrevocation sentence and a remand for resentencing with instructions that the district court cannot impose a term of supervised release that exceeds fifteen months. Maxwell seeks this relief based upon his argument that the district court committed plain error, Fed. R. Crim. P. 52(b); *Olano*, 507 U.S. at 732, by failing to give him credit for the eleven-month term of imprisonment imposed as part of his first postrevocation sentence when calculating the term of his supervised release imposed as part of his second postrevocation sentence. Although the government opposed Maxwell's argument in its appellate brief, at oral argument, the government candidly and forthrightly conceded all issues in the appeal in favor of Maxwell.

II.

As previously stated, because Maxwell did not object to the length of the term of supervised release the district court imposed as part of his second postrevocation sentence, we are constrained to review for

plain error. Fed. R. Crim. P. 52(b); *Olano*, 507 U.S. at 732. Under the plain error test set forth by the Supreme Court in *Olano*, Maxwell must initially establish: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. *Olano*, 507 U.S. at 732. Even if Maxwell establishes each of these prongs, *Olano* requires that before we may exercise our discretion to correct the error, we must be convinced that the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted) (alteration in original). We now proceed through the *Olano* test.

The first question under the *Olano* test is whether the district court erred. We begin our analysis of this question by setting forth the relevant statutory provisions. Under 18 U.S.C. § 3583(e)(3), a district court may:

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve . . . more than 2 years in prison if such offense is a class . . . D felony . . . .

*Id.* Under 18 U.S.C. § 3583(h):

> [w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, *less **any** term of imprison-*

*ment that was imposed upon revocation of supervised release*.

*Id.* (emphasis added).

On appeal, Maxwell argues that the phrase "less any term of imprisonment that was imposed upon revocation," as provided in § 3583(h), includes *both* the eleven-month term of imprisonment imposed as part of his first postrevocation sentence *and* the ten-month term of imprisonment imposed as part of his second, *i.e.*, current, postrevocation sentence. Maxwell argues, therefore, the twenty-six-month term of supervised release imposed as part of his second postrevocation sentence exceeded the statutorily authorized maximum amount of supervised release by eleven months.

Although the argument made by Maxwell raises an issue of first impression in this circuit, the Seventh Circuit, the Eighth Circuit, and most recently the Second Circuit have issued decisions in accord with Maxwell's argument. *United States v. Merced*, 263 F.3d 34, 37-38 (2d Cir. 2001) (holding that plain language of § 3583(e)(3) and § 3583(h) provides that statutory maximum term of imprisonment and supervised release that may be imposed upon revocation of supervised release includes prison term of current revocation sentence, together with all prison time imposed under any prior revocation sentences related to same underlying offense); *United States v. Brings Plenty*, 188 F.3d 1051, 1053-54 (8th Cir. 1999) (*per curiam*) (holding that "plain meaning" of the reference to "less any term of imprisonment that was imposed upon revocation of supervised release" in § 3583(h) "includes the prison term in the current revocation sentence together with all prison time [imposed] under any prior revocation sentence(s)"); *United States v. Beals*, 87 F.3d 854, 857-58 (7th Cir. 1996), *overruled on other grounds*, *United States v. Withers*, 128 F.3d 1167, 1172 (7th Cir. 1997) (under § 3583(h), a defendant must be credited with imprisonment time imposed as part of first postrevocation sentence in determining maximum statutory term of imprisonment and supervised release for second postrevocation sentence). The Second and Eighth Circuits held that the plain meaning of the phrase "less any term of imprisonment that was imposed upon revocation of supervised release" in § 3583(h) includes the prison term imposed in the current revocation sentence together with all prison time imposed

under any prior revocation sentence or sentences. *Merced*, 263 F.3d at 37-38; *Brings Plenty*, 188 F.3d at 1053-54. While the Seventh Circuit did not expressly rely on the plain meaning of this phrase in reaching its holding, the court's discussion of the issue clearly indicates that it did so. *Beals*, 87 F.3d at 857-58. No other federal court of appeals has addressed the issue.

We agree with the holdings of the Second, Seventh, and Eighth Circuits. "A fundamental canon of statutory construction requires that unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *United States v. Lehman*, 225 F.3d 426, 428 (4th Cir. 2000) (internal quotation marks omitted). Another fundamental canon of statutory construction provides that "[t]he plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997).

Whether the twenty-six-month term of supervised release the district court imposed upon Maxwell as part of his second postrevocation sentence exceeded the statutorily authorized amount of supervised release by eleven months turns primarily on the meaning of the word "any" as used in the last sentence of § 3583(h). Because the word "any" is not defined within 18 U.S.C. § 3583, we turn to its dictionary definition for its common meaning. *Lehman*, 255 F.3d at 429. In so doing, we are mindful that we must turn to the dictionary definition which accounts for the specific context in which the word "any" is used in § 3583(h). *See Robinson*, 519 U.S. at 341. When the word "any" is properly read in its § 3583(h) statutory context, *Webster's Third New International Dictionary* provides that the word "any" means "all." *See id.* at 97 (2d ed. 1981). Specifically, *Webster's Third New International Dictionary* provides that when the word "any" is "used as a function word to indicate the maximum or whole of a number or quantity," for example, "give me [any] letters you find" and "he needs [any] help he can get," the word "any" means "all." *Id.* Here, the word "any" in the phrase "less *any* term of imprisonment that was imposed upon revocation of supervised release," § 3583(h) (emphasis added), is obviously used as a function word to indicate the maximum or whole of a number or quantity just as the word "any" is used in the dictionary examples quoted above. In sum, we hold the plain meaning

of the phrase "less any term of imprisonment that was imposed upon revocation of supervised release" in § 3583(h) is that the prison term in the current revocation sentence, together with all prison time imposed under any prior revocation sentence or sentences, must be aggregated.

To hold otherwise would permit a district court, upon revocation of a defendant's term of supervised release, to sentence a defendant to a term of supervised release unrelated to the original offense. This is because the defendant could be sentenced to a term of supervised release that exceeded the statutory maximum term of supervised release authorized for the original offense. Such a circumstance is directly contrary to the Supreme Court's observation in *Johnson v. United States*, 529 U.S. 694 (2000), that "postrevocation penalties [imposed under 18 U.S.C. § 3583] relate to the original offense," *id.* at 701, and do not "impose[ ] punishment for defendants' new offenses for violating the conditions of their supervised release," *id.* at 700 (internal quotation marks omitted).

The record is undisputed that, in calculating Maxwell's term of supervised release as part of his second, *i.e.*, current, postrevocation sentence, the district court did not aggregate the term of imprisonment imposed upon Maxwell as part of his first postrevocation sentence with the term of imprisonment imposed as part of his second postrevocation sentence. Under our just announced holding, this failure to aggregate constituted error.

Having concluded the district court erred, under *Olano*, we must next consider whether the error is plain. *Olano*, 507 U.S. at 732. We hold that it is.

In *Olano*, the Supreme Court explained that the word "plain" is "synonymous with 'clear' or, equivalently 'obvious.'" *Id.* The Fourth Circuit has since explained that an error is clear or equivalently obvious if "the settled law of the Supreme Court or this circuit establishes that an error has occurred." *United States v. Neal*, 101 F.3d 993, 998 (4th Cir. 1996). "In the absence of such authority, decisions by other circuit courts of appeals are pertinent to the question of whether an error is plain." *Id.* Notably, the error need not be plain at the time the

district court erred as long as the error is plain at the time of appellate consideration. *Johnson v. United States*, 520 U.S. 461, 468 (1997).

We hold that the error at issue in this appeal is plain for purposes of establishing the second prong of the *Olano* test. The phrase "less any term of imprisonment that was imposed upon revocation of supervised release" in the last sentence of § 3583(h) is not reasonably susceptible to an interpretation which permits a district court to ignore any prior terms of imprisonment imposed as part of prior postrevocation sentences, for the same underlying offense, in calculating the term of the defendant's supervised release as part of the current postrevocation sentence. Indeed, all three federal courts of appeals that have considered the issue have unanimously held that the phrase "less any term of imprisonment that was imposed upon revocation of supervised release" in § 3583(h) refers to all postrevocation terms of imprisonment imposed with respect to the same underlying offense. In addition, each of these courts relied, either expressly or impliedly, upon the plain meaning of the statute. Moreover, no contrary authority exists. Under these circumstances, we can only conclude that Maxwell has established the second prong of the *Olano* test.

Under *Olano*, the next question that we must consider is whether the error affects Maxwell's substantial rights. *Id.* at 732. We hold that it does.

The terms and conditions of supervised release are a substantial imposition on a person's liberty. For example, a standard condition of supervised release is that the defendant shall not leave the judicial district without the permission of the court or a probation officer. Another standard condition of supervised release is that the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere. Because the terms and conditions of supervised release are a substantial imposition on a person's liberty, the erroneous extension by eleven months (*i.e.*, nearly a year) of Maxwell's term of supervised release affected his substantial rights. *Cf. United States v. Gonzalez*, 259 F.3d 355, 359-361 (5th Cir. 2001) (sentence exceeding statutory maximum by 18 months' imprisonment and twenty-four months' supervised release affected defendant's substantial rights). Thus, the third prong of the *Olano* test is met.

Under *Olano*, the last question that we must consider is whether the district court's sentencing of Maxwell to a term of supervised release that exceeds the statutory maximum of supervised release authorized by eleven months seriously affects the fairness, integrity or public reputation of judicial proceedings. We hold that it does. As we just explained in our discussion of the third prong of the *Olano* test, the restrictions on a person's liberty while serving a term of supervised release are quite substantial. To refuse to order a resentencing when a defendant will be required to endure such restrictions on his liberty, including restrictions on his ability to travel, for nearly a year longer than required by law, strikes us as fundamentally unfair. *See Gonzalez*, 259 F.3d at 359-361 (exercising discretion to notice plain error and remand for resentencing where sentence exceeded statutory maximum by 18 months' imprisonment and twenty-four months' supervised release). As "[n]o court of justice would require a man to serve . . . undeserved years in prison when it knows that the sentence is improper," *United States v. Ford*, 88 F.3d 1350, 1356 (4th Cir. 1996), no court of justice would knowingly require a man to endure significant restrictions on his liberty as provided under supervised release for nearly a year longer than deserved. Accordingly, we vacate Maxwell's sentence and remand for resentencing in accordance with this opinion.

*VACATED AND REMANDED*