**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

FRED ANTHONY CASTORANI, a/k/a
Rudolf Ronzio, a/k/a/ Rodolf
Ronzio,

            *Defendant-Appellant.*

⎫
⎬  No. 03-4738
⎭

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert E. Payne, District Judge.
(CR-00-74)

Submitted: December 22, 2003

Decided: January 27, 2004

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

Frank W. Dunham, Jr., Federal Public Defender, Amy Leigh Austin, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Olivia N. Hawkins, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Fred Anthony Castorani appeals a judgment that subjects him to twelve months of supervised release upon completion of a twenty-four month term of imprisonment the district court imposed after the revocation of Castorani's original term of supervised release. For the reasons explained below, we vacate the sentence and remand for resentencing.

Castorani pled guilty in August 2000 to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a thirty-seven month term of imprisonment and three years of supervised release. Castorani was released from confinement in April 2003 and began his term of supervised release. Castorani violated the terms of his supervised release and, in August 2003, the district court revoked Castorani's supervised release, sentenced him to an active prison term of twenty-four months, and imposed an additional twelve month term of supervised release to be served following his release from incarceration.

Castorani asserts the district court plainly erred by imposing an additional term of supervised release. Because Castorani did not object at sentencing to this aspect of the district court's judgment, review by this Court is for plain error. *United States v. Maxwell*, 285 F.3d 336, 339 (4th Cir. 2002).

Castorani was convicted of violating 18 U.S.C. § 922(g)(1), an offense punishable by imprisonment for no more than ten years. 18 U.S.C. § 924(a)(2) (2000). Under 18 U.S.C. § 3559(a)(3) (2000), the offense is a Class C felony. A person who was originally convicted of a Class C felony cannot be imprisoned for more than twenty-four months upon revocation of supervised release. 18 U.S.C. § 3583(e)(3) (2000). At the date of Castorani's conviction in November 2000, the

statutory provision allowing the imposition of supervised release after a term of incarceration was served upon revocation of supervised release stated:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.

18 U.S.C. § 3583(h) (2000).*

The penalties that can be imposed for revocation of supervised release relate back to the original offense. *Johnson v. United States*, 529 U.S. 694, 699-701 (2000). Because Castorani's offense predates the amendment to the statute, the prior version of § 3583(h) applies. Because Castorani received the statutory maximum term of imprisonment for violating his supervised release, the imposition of a new term of supervised release was plain error that affected Castorani's substantial rights. *See Maxwell*, 285 F.3d at 342. Accordingly, we exercise our discretion to correct the error. *United States v. Olano*, 507 U.S. 725, 736 (1993).

We vacate the district court's order imposing sentence and remand this case for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

*Congress amended section 3583(h) to delete "that is less than the maximum term of imprisonment authorized under subsection (e)(3)" effective April 30, 2003. PROTECT Act, Pub. L. No. 108-21, § 101(2), 117 Stat. 650, 651.