**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4395**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL SMITH,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. James C. Fox, Senior District Judge. (CR-95-57-F)

---

Submitted: December 21, 2005      Decided: January 25, 2006

---

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Windy C. Venable, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Jennifer May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Smith appeals from the district court's judgment revoking his supervised release and imposing a twenty-four month sentence. Because our review of the record discloses no reversible error, we affirm the revocation of Smith's supervised release and the sentence imposed.

Based on Smith's positive test result for cocaine and admission to cocaine use, the district court found that Smith violated the conditions of his supervision and properly revoked supervised release. See 18 U.S.C.A. § 3583(e)(3) (West Supp. 2005). Smith challenges the length of the sentence, which exceeded the four-to-ten month range suggested by the Sentencing Guidelines. See U.S. Sentencing Guidelines Manual § 7B1.4(a) (2000). However, this range is not binding on the sentencing court. United States v. Davis, 53 F.3d 638, 640-41 (4th Cir. 1994). Indeed, a greater sentence may be warranted where, as here, the original sentence was the result of a downward departure. See USSG § 7B1.4, comment. (n.4). Additionally, we note that the imprisonment and supervised release terms did not exceed the maximum sentence that could be imposed on revocation. See 18 U.S.C.A. § 3583(e)(3); Johnson v. United States, 529 U.S. 694, 702 (2000); United States v. Maxwell, 285 F.3d 336, 341 (4th Cir. 2002). Because Smith received a significant downward departure from his original sentence, and based on the facts of this case, the district court's decision to

impose a sentence above the range suggested in USSG § 7B1.4(a) was reasonable, as was the sentence imposed.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>