**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――

**No. 08-4155**

―――――――

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JARROD KEVIN DIXON, a/k/a Jerod,

                Defendant - Appellant.

―――――――

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:02-cr-00441-TLW-1)

―――――――

Submitted:  June 2, 2008                    Decided:  June 25, 2008

―――――――

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

―――――――

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

―――――――

William F. Nettles, IV, Assistant Federal Public Defender,
Florence, South Carolina, for Appellant. Reginald I. Lloyd, Rose
Mary Parham, Assistant United States Attorneys, Florence, South
Carolina, for Appellee.

―――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On January 29, 2003, Jarrod Kevin Dixon was sentenced to seventy-one months' imprisonment and three years of supervised release after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). On December 13, 2007, the district court found Dixon in violation of the terms and conditions of his supervised release and sentenced him to twenty-four months' imprisonment - the statutory maximum - and an additional one year term of supervised release. 18 U.S.C. § 3559(a)(3) (2000); 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2007). On appeal, Dixon asserts that the district court plainly erred in sentencing him to an additional year of supervised release. The Government agrees and has filed a motion to remand for resentencing.

On January 26, 2002, when Dixon committed the underlying offense, 18 U.S.C. § 3583(h) permitted reimposition of supervised release only if the district court imposed less than the maximum prison term for a defendant's supervised release violation. Thus, because the active prison term imposed upon Dixon for violation of supervised release was the statutory maximum, the imposition of an additional one year term of supervised release on Dixon constituted plain error that affected his substantial rights. United States v. Castorani, 88 F. App'x 552 (4th Cir. 2004) (unpublished) (citing United States v. Maxwell, 285 F.3d 336, 342 (4th Cir. 2002).

Accordingly, we affirm the district court's finding that Dixon violated the terms of supervised release, vacate the sentence imposed by the district court, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED
IN PART, AND REMANDED
