**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4517**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WALTER DEANGELO VAUGHAN,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, Senior
District Judge.  (3:98-cr-00219-REP-l)

———————

Submitted:  February 23, 2009     Decided:  March 26, 2009

———————

Before TRAXLER, DUNCAN, and AGEE, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

———————

Michael S. Nachmanoff, Federal Public Defender, Frances H.
Pratt, Valencia Roberts-Brower, Assistant Federal Public
Defenders, Richmond, Virginia, for Appellant.  Chuck Rosenberg,
United States Attorney, S. David Schiller, Assistant United
States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walter D. Vaughan pled guilty in March 1999 to being a drug user in possession of a firearm, 18 U.S.C. § 922(g)(3) (2006), and to two counts of misdemeanor possession of marijuana and cocaine, 21 U.S.C. § 844 (2006). He was sentenced to fifteen months on the firearms offense and twelve months on each of the drug offenses, followed by a term of supervised release. In April 2008, the district court revoked Vaughan's supervised release and imposed a twenty-four month sentence, followed by an additional two-year term of supervised release. Vaughan appeals.

Vaughan first claims that the twenty-four month sentence imposed by the district court was unreasonable. We will affirm a sentence imposed following revocation of supervised release if it is within the prescribed statutory range and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). While the district court must consider the Chapter 7 policy statements and statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583 (2006), the district court ultimately has "broad discretion" to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 439 (citation omitted).

We have reviewed the record and find that the district court's sentence, although beyond the advisory guidelines range, was not unreasonable. The court implicitly considered the guidelines range and the applicable § 3553(a) factors, and provided a proper basis for imposing the statutory maximum sentence; namely, the number and type of violations occurring within a short time after Vaughan began serving his original term of supervised release. Accordingly, we affirm as to the twenty-four month sentence of imprisonment.

Vaughan also claims that the district court erred by imposing an additional term of supervised release following the sentence of imprisonment. Because he did not object at sentencing as to this aspect of the district court's judgment, our review is for plain error. United States v. Maxwell, 285 F.3d 336 (4th Cir. 2002). Post-revocation penalties for violations of supervised release are treated as part of the penalty for the original conviction. Johnson v. United States, 529 U.S. 694, 700-702 (2000). Thus, the penalties that can be imposed for revocation relate back to the date of the original offense.

The version of 18 U.S.C. § 3583(h) in effect on the date Vaughan committed the underlying offense read: "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the

3

maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(h) (1998). Thus, the plain language of § 3583(h) in effect at the time Vaughan committed his underlying offense permitted reimposition of supervised release only if the district court imposed less than the maximum prison term for his supervised release violation.

Because Vaughan received the statutory maximum term of imprisonment for violating his supervised release, the imposition of an additional two-year term of supervised release was plain error that affected his substantial rights. See Maxwell, 285 F.3d at 342. Accordingly, we exercise our discretion to correct the error. United States v. Olano, 507 U.S. 725, 736 (1993). We vacate this portion of the district court's order and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

4