**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4971**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DARRELL BARNES,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., Chief District Judge. (1:06-cr-00211-JAB-1)

Submitted: April 16, 2009                    Decided: May 6, 2009

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Barnes appeals from the revocation of his supervised release and the imposition of an eight-month prison term to be followed by a fifty-two-month term of supervised release. Barnes' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there were no meritorious issues for appeal but questioning the length of the supervised release term. Although informed of his right to do so, Barnes has not filed a pro se supplemental brief. We affirm.

When a court revokes supervised release and imposes a term of imprisonment, it may also reimpose a term of supervised release. 18 U.S.C. § 3583(h) (2006). "The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." Id. Thus, when the district court revoked Barnes' supervised release and imposed an active prison term of eight months, it had the authority to impose up to fifty-two months of supervised release (sixty month statutory maximum based upon Barnes' underlying convictions minus eight months). See United States v. Maxwell, 285 F.3d 336, 342 (4th Cir. 2002).

In accordance with <u>Anders</u>, we have examined the entire record in this case and found no meritorious issues for review. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>