**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4785**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

DAVID AMEZQUITA-FRANCO,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:12-cr-00052-JRS-1)

———————

Submitted: March 29, 2013          Decided: May 1, 2013

———————

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Valencia D. Roberts, Assistant Federal Public Defenders, Nicholas J. Xenakis, Research & Writing Attorney, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Erik S. Siebert, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Amezquita-Franco, a native and citizen of Guatemala, pled guilty pursuant to a written plea agreement to one count of illegal reentry of a deported alien after being convicted of an aggravated felony in violation of 8 U.S.C. §§ 1326(a), (b)(2) (2006). The court imposed a variance sentence of eighty-seven months of imprisonment. Amezquita-Franco appeals, raising two issues: (1) whether his sentence was unreasonable; and (2) whether the district court plainly erred by imposing a three-year term of supervised release when he likely will be deported. For the reasons that follow, we affirm.

We review a sentence imposed by a district court for reasonableness, applying a deferential abuse-of-discretion standard. United States v. Rivera–Santana, 668 F.3d 95, 100 (4th Cir.), cert. denied, 133 S. Ct. 274 (2012). The first step in our review requires us to ensure that the district court did not commit significant procedural error, such as improperly calculating the Sentencing Guidelines range, failing to consider the factors under 18 U.S.C. § 3553(a) (2006), or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then review the sentence for substantive reasonableness, taking into account the totality of

the circumstances. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012).

Amezquita-Franco contends that the court erred procedurally in departing upward based on an inadequate criminal history category because the court failed to use an incremental approach as set forth in United States v. Rusher, 966 F.2d 868, 884-85 (4th Cir. 1992), and jumped directly from a category III to category V criminal history. A sentencing court, however, is under no obligation to "incant the specific language used in the guidelines, or go through a ritualistic exercise in which it mechanically discusses each criminal history category or offense level it rejects en route to the category or offense level that it selects." Rivera–Santana, 668 F.3d at 104 (quoting United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007)). Further, even if the sentencing court "failed to utilize a proper incremental analysis," any procedural error may be harmless if "the upward variance based on the § 3553(a) factors justified the sentence imposed." Id. at 104.

Here, the district expressly found that Amezquita-Franco's criminal history was under-represented and that category III and IV were insufficient to account for criminal activity that included sexual crimes against a girl younger than fourteen years of age. Moreover, Amezquita-Franco had illegally reentered the United States on at least nine occasions, and had

convictions for driving while impaired and other traffic infractions. The district court adequately explained its sentence by reference to the 18 U.S.C. § 3553(a) factors, which the court expressly considered. United States v. Grubbs, 585 F.3d 793, 804 (4th Cir. 2009). The court noted that a longer sentence was needed for deterrence, for a just punishment, to protect the community, and to promote respect for the law. The court found that a sentence within the 70-87 month range, based on Amezquita-Franco's total offense level of 21 and his increased criminal history of V, was adequate but not greater than necessary to accomplish the goals of sentencing set out in § 3553(a).

Amezquita-Franco next argues that his sentence was substantively unreasonable because his advisory sentencing range as calculated in the presentence report was 46-57 months of imprisonment. We review the substantive reasonableness of the sentence under the totality of the circumstances. Strieper, 666 F.3d at 295. A sentencing court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]." 18 U.S.C. § 3553(a). In determining whether a variance sentence is reasonable, we must consider whether the degree of variance is supported by the court's justification, with a larger variance requiring more substantial justification. United States v. Diosdado-Star, 630

4

F.3d 359, 366 (4th Cir. 2011).  We will, however, affirm if "the § 3553(a) factors, on the whole, justified the sentence" imposed.  Id. at 367 (internal quotation marks omitted).  Even if we would have reached a different sentencing result on our own, this fact alone is insufficient to justify reversal of the district court.  United States v. Pauley, 511 F.3d 468, 474 (4th Cir. 2007).

Here, the district court adequately explained its variance sentence and justified the sentence imposed. Certainly, given the high number of deportations, the seriousness of the offenses against the minor, and the driving while impaired and other traffic offenses guided the court's decision.  The district court considered arguments from the parties, listened to Amezquita-Franco, and expressly explained its above Guidelines range sentence, specifically addressing various § 3553(a) factors.  Under these circumstances, we find that the sentence was substantively reasonable.

Next, Amezquita-Franco argues that the district court erred by imposing a three-year term of supervised release. Amezquita-Franco concedes that the standard of review for this issue is plain error, as he is raising this issue for the first time on appeal.  United States v. Maxwell, 285 F.3d 336, 339 (4th Cir. 2002) (providing review standard for plain error). The Guidelines normally counsel against imposing a term of

supervised release for someone who is a deportable alien.  See U.S. Sentencing Guidelines Manual ("USSG") § 5D1.1(c) (2011). Nonetheless, courts are encouraged to consider imposing a term of supervised release on a deportable alien if the court determines that such an imposition would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.  See USSG § 5D1.1 cmt. n.5. Here, the court was expressly concerned about deterrence and protection, given Amezquita-Franco's repeated reentries into this country and his sexual crimes against a person under the age of fourteen.  Thus, we conclude that the imposition of a term of supervised release was not plain error.

Accordingly, we affirm Amezquita-Franco's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>