**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4165**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MAURICIO ANTONIO REYES CRUZ, a/k/a Mauricio Antonio Reyes-Cruz, a/k/a Mauricio Reyes-Cruz, a/k/a Mauricio Antonio Reyes, a/k/a Mauricio Reyes,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony J. Trenga, District Judge. (1:12-cr-00479-AJT-1)

_____

Submitted: August 8, 2013          Decided: August 22, 2013

_____

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Brooke Sealy Rupert, Assistant Federal Public Defender, Nicholas J. Xenakis, Research and Writing Attorney, Alexandria, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Dina Finkel, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mauricio Reyes Cruz pled guilty to illegally re-entering the United States after conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a) (2006), and was sentenced to twenty months' imprisonment and a three-year term of supervised release. On appeal, Reyes Cruz contends that the district court plainly erred by imposing a term of supervised release as part of his sentence. We affirm.

Reyes Cruz concedes that the standard of review for his sentence is plain error because he is raising this issue for the first time on appeal. United States v. Maxwell, 285 F.3d 336, 339 (4th Cir. 2002) (providing review standard for plain error). The Guidelines ordinarily counsel against imposing a term of supervised release for someone who is a deportable alien. See U.S. Sentencing Guidelines Manual ("USSG") § 5D1.1(c) (2011). Nonetheless, courts are encouraged to consider imposing a term of supervised release on a deportable alien if the court determines that such an imposition would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case. See USSG § 5D1.1 cmt. n.5. Here, the district court explicitly stated that its primary concern in imposing a sentence was to deter Reyes Cruz from illegally re-entering the United States, given Reyes Cruz's previous illegal re-entry and his criminal history

2

while in the United States. To that end, the district court explained that it was imposing a term of supervised release so that, were Reyes Cruz to illegally re-enter the United States, he would be violating both a criminal statute and the conditions of his supervised release, with an attendant increase in the period of incarceration to which he would be subject. Because adding this element of deterrence was well within the district court's broad discretion, we conclude that the imposition of a term of supervised release was not plain error.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED