**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4702**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

CIRILO SERRANO-MANEHEN, a/k/a Jesus Flores Lopez, a/k/a
Cirilo Maneche Serrano, a/k/a Edwardio Blanco Torra, a/k/a
Jose Manuel Renteria Galeana, a/k/a Jose Renteria Galeana,

          Defendant – Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:13-cr-00131-CCE-1)

Submitted:  May 29, 2014                Decided:  June 2, 2014

Before SHEDD, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dennis M. Hart, Washington, D.C., for Appellant.  Ripley Rand,
United States Attorney, Kyle D. Pousson, Special Assistant
United States Attorney, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cirilo Serrano-Manehen pled guilty to illegal reentry by a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012). The district court sentenced him to 70 months' imprisonment. Serrano-Manehen appeals, challenging the validity of his plea and the reasonableness of his sentence. We affirm.

In the absence of a motion in the district court to withdraw a guilty plea, this court's review of the plea colloquy is for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). After reviewing the plea agreement and the transcript of the plea hearing, we conclude that the district court fully complied with the requirements of Fed. R. Crim. P. 11 when accepting Serrano-Manehen's guilty plea. Therefore, we affirm his conviction.

Serrano-Manehen contends that the sentence imposed was unreasonable and that the court erred by imposing a term of supervised release. We have reviewed the sentence and conclude that it was properly calculated and that the sentence imposed was reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). The district court appropriately considered the 18 U.S.C. § 3553(a) (2012) factors in light of Serrano-Manehen's individual characteristics and history, and adequately explained the sentence. We conclude that the district court did not abuse

its discretion in imposing the 70-month sentence.  See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within-Guidelines sentence).  Additionally, although a term of supervised release was not required by statute, we find no plain error by the court in imposing a two-year supervised release term.  See United States v. Maxwell, 285 F.3d 336, 339 (4th Cir. 2002).

Serrano-Manehen also seeks to assert a claim that his attorney provided ineffective assistance.  Claims of ineffective assistance of counsel are more appropriately raised in a motion filed pursuant to 28 U.S.C. § 2255 (2012), unless counsel's ineffectiveness conclusively appears on the record.  United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).  After review of the record, we find no conclusive evidence that counsel rendered ineffective assistance.  Accordingly, we decline to consider these claims on direct appeal, and we affirm Serrano-Manehen's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED