**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 14-4162**

—————————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

GING-HWANG TSOA, a/k/a Felicia Tsoa,

                    Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (1:13-cr-00137-JCC-2)

—————————

Submitted:  October 29, 2014          Decided:  November 12, 2014

—————————

Before DUNCAN and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Eugene V. Gorokhov, Ziran Zhang, BURNHAM & GOROKHOV PLLC, Washington, D.C., for Appellant.  Dana J. Boente, United States Attorney, Paul J. Nathanson, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ging-Hwang Tsoa was convicted after a jury trial of one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (2012), and two counts of bank fraud, in violation of 18 U.S.C. §§ 2, 1344 (2012), and was sentenced to three concurrent terms of thirty months' imprisonment. Tsoa appeals her convictions, arguing that the district court reversibly erred in excluding evidence -- including expert testimony -- and in denying her motion under Fed. R. Crim. P. 29 for a judgment of acquittal as to the bank fraud counts. We affirm.

We review the district court's decisions as to admissibility of evidence, including its ruling excluding expert testimony, for abuse of discretion. United States v. Iskander, 407 F.3d 232, 236 (4th Cir. 2005); United States v. Barile, 286 F.3d 749, 753 (4th Cir. 2002). "[W]e will not find an abuse unless the district court's decision was 'arbitrary and irrational.'" Iskander, 407 F.3d at 236 (quoting United States v. Weaver, 282 F.3d 302, 313 (4th Cir. 2002)). We also defer to a district court's balancing under Fed. R. Evid. 403 unless that balancing is an arbitrary or irrational exercise of discretion. United States v. Kelly, 510 F.3d 433, 437 (4th Cir. 2007). Further, where a defendant presented a challenge regarding the admissibility of evidence below but raises a new argument with

2

respect to that challenge for the first time on appeal, we review the district court's admissibility ruling for plain error only. United States v. Bernard, 708 F.3d 583, 588 (4th Cir.), cert. denied, 134 S. Ct. 617 (2013). Under the plain error standard, this court may -- but is not required to -- correct the district court's error if the error was plain and affected Tsoa's substantial rights. United States v. Olano, 507 U.S. 725, 732, 735 (1993).

First, Tsoa contends that the district court erred in excluding prior to trial the proffered expert opinion testimony of Dr. Ronald Boggio regarding Tsoa's verbal abilities and memory, reading, thinking, and facility with English. Tsoa also contends that the district court erred in excluding the proffered expert opinion testimony of Stephen McGurl that Tsoa had an overall poor understanding of the mortgage lending process. The expert testimony was proffered in support of Tsoa's contention that she lacked the required intent to commit the bank fraud and conspiracy offenses. As to Boggio's proffered testimony, the district court determined that the testimony was not probative of the contention that Tsoa lacked the required intent and was also excludable under Fed. R. Evid. 403. As to McGurl's proffered testimony, the district court determined that the testimony was not reliable and also was excludable under Rule 403.

3

After review of the record and the parties' briefs, we conclude that the district court did not abuse its discretion in excluding the proffered testimony from Dr. Boggio and McGurl. To be admissible, psychiatric evidence of a mental condition short of insanity must be offered to rebut the Government's evidence of specific intent, United States v. Worrell, 313 F.3d 867, 874 (4th Cir. 2002), and is properly excludable where it does not focus on the defendant's state of mind at the time of the charged offense, United States v. Cameron, 907 F.2d 1051, 1067 (11th Cir. 1990), or does not explain the effect of some mental condition on the defendant's ability to form the requisite criminal intent. United States v. Schneider, 111 F.3d 197, 202-03 (1st Cir. 1997).

Where expert testimony bears on intent, a district court still must perform its gatekeeping function with respect to the testimony and ensure it is not only relevant but reliable. United States v. Prince-Oyibo, 320 F.3d 494, 498 (4th Cir. 2003). Expert testimony is properly excludable where persons "of common understanding" are "as capable of comprehending the primary facts and of drawing correct conclusions from them" as are the expert. Salem v. U.S. Lines Co., 370 U.S. 31, 35 (1962) (quoting U.S. Smelting Co. v. Parry, 166 F. 407, 411, 415 (8th Cir. 1909)) (internal quotation marks omitted); see, e.g., United States v. Lespier, 725 F.3d 437, 449

4

(4th Cir. 2013) (noting, in affirmance of district court ruling excluding admission of proffered expert testimony on sleep deprivation, that, "in the typical case, the effects of sleep deprivation" are readily comprehended by jurors), cert. denied, 134 S. Ct. 974 (2014). Such evidence also may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Dr. Boggio's proffered opinions regarding Tsoa's verbal abilities and memory, reading, thinking, and facility with English do not address or focus on Tsoa's state of mind or ability to form the necessary intent to defraud at the time of the charged offense conduct. Further, as Tsoa appears to acknowledge on appeal, evidence regarding her abilities in English was a topic readily comprehendible by jurors and could be developed through other sources. As the "imprimatur of a clinical label" regarding Tsoa's abilities in English was neither necessary nor helpful to the jury, United States v. DiDomenico, 985 F.2d 1159, 1164 (2d Cir. 1993), and Dr. Boggio's opinions regarding Tsoa's intellectual abilities were not linked to her mental state at the time of the charged offense conduct, the district court did not abuse its discretion in concluding that any probative value from Dr. Boggio's opinions was

5

substantially outweighed by a danger that admission of the opinions would confuse the issues and mislead the jury and that the opinions were therefore excludable under Rule 403.

The same, we conclude, is true for the district court's exclusion of McGurl's proffered opinion regarding Tsoa's understanding the mortgage lending process. Nothing in McGurl's proffered opinion is addressed to whether Tsoa's understanding of the mortgage lending process at the time of the interview with McGurl was extant at the time of the charged offense conduct. Because the jury's role was to assess whether Tsoa was guilty of the charged conspiracy and bank fraud offenses based on her acts and omissions at the time of the charged conduct, the district court did not abuse its discretion in concluding that McGurl's proffered opinion on this matter was substantially outweighed by a danger that admission would mislead the jury and that his opinion was therefore excludable under Rule 403. We further reject as without merit Tsoa's arguments to the contrary as they concern the exclusion of McGurl's and Dr. Boggio's proffered opinions.

Next, Tsoa contends that the district court erred in denying her mid-trial request to admit Dr. Boggio's proffered testimony to rebut her incriminating statements that were introduced through the testimony of the current and former case agents, arguing that the testimony was probative of the

6

reliability of her statements to the agents and admissible under Fed. R. Evid. 806. We reject this contention as meritless. As Tsoa appears to acknowledge on appeal, Rule 806 does not by its terms[*] allow a defendant-declarant to attack the credibility of her own out-of-court statements admissible under Fed. R. Evid. 801(d)(2)(A). We also reject as meritless Tsoa's argument, premised on United States v. Shay, 57 F.3d 126 (1st Cir. 1995), that -- the terms of Rule 806 notwithstanding -- Dr. Boggio's proffered testimony would have "cast doubt on" the accuracy and reliability of her incriminating statements to the agents and would have cast doubt on the agents' testimony regarding her effective communication in English. Shay is inapposite; its focus was on Fed. R. Evid. 702, not a second request to admit

---

[*] Rule 806 provides:

When a hearsay statement -- or a statement described in Rule 801(d)(2)(C), (D), or (E) [concerning statements offered against an opposing party made by others] -- has been admitted in evidence, the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness. The court may admit evidence of the declarant's inconsistent statement or conduct, regardless of when it occurred or whether the declarant had an opportunity to explain or deny it. If the party against whom the statement was admitted calls the declarant as a witness, the party may examine the declarant on the statement as if on cross-examination.

Fed. R. Evid. 806.

evidence the district court had already found excludable under Rule 403. Further, in contrast to the testimony at issue in Shay, Dr. Boggio's testimony, if believed, would not have exculpated Tsoa or explained away her incriminating statements to the agents.

Tsoa also contends that the district court erred in excluding emails she sent to one of the case agents after a 2013 interview. She argues that the emails were admissible under Rule 806 as they provided evidence of her knowledge of and abilities in English and bore on the reliability of her statements to the agents and the agents' conclusions regarding her comprehension and the responsiveness and reliability of her statements to them. Tsoa did not raise an argument premised on Rule 806 in support of the admissibility of the emails in the district court. Accordingly, our review is for plain error only.

As this court has noted, plain error is "synonymous with clear or obvious error." United States v. Carthorne, 726 F.3d 503, 516 (4th Cir. 2013) (quoting Olano, 507 U.S. at 734) (internal quotation marks omitted), cert. denied, 134 S. Ct. 1326 (2014). An error qualifies as "plain if the settled law of the Supreme Court or this circuit establishes that an error has occurred." Id. (quoting United States v. Maxwell, 285 F.3d 336, 342 (4th Cir. 2002)) (internal quotation marks omitted). Rule

8

806 applies to hearsay statements and certain statements offered against an opposing party that have "been admitted in evidence." Fed. R. Evid. 806. By its terms, Rule 806 was not the mechanism for admission of Tsoa's written out-of-court statements contained in the emails. Further, Tsoa's counsel offered the emails as probative of Tsoa's knowledge and abilities, not as bearing on credibility. Tsoa thus fails to establish plain error under Rule 806 in the exclusion of the emails.

Finally, Tsoa challenges the district court's denial of her Rule 29 motion as to the bank fraud counts, arguing that the Government failed to present proof sufficient to meet its burden to show that the victim banks were insured by the Federal Deposit Insurance Corporation ("FDIC") at the time of the charged offense conduct.

We review a district court's denial of a Rule 29 motion for judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). "A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (quoting United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995)) (internal quotation marks omitted). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence."

9

Smith, 451 F.3d at 216 (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)) (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (quoting Burgos, 94 F.3d at 862) (internal quotation marks omitted). In reviewing a case for substantial evidence, we must allow the Government "the benefit of all reasonable inferences from the facts proven to those sought to be established," United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982), and do not weigh the credibility of the evidence or resolve any conflicts in the evidence. Beidler, 110 F.3d at 1067. "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (quoting Burks v. United States, 437 U.S. 1, 17 (1978)) (internal quotation marks omitted).

Tsoa argues that the evidence was insufficient to establish that the victim banks were insured by the FDIC, noting that the insurance certificates introduced into evidence provided no information as to whether the banks were so insured at the time of the charged offense conduct and that a case agent testified only as to what the certificates said. We reject this contention.

10

Here, the FDIC certificates admitted into evidence certified that the deposits to each victim bank were insured by the FDIC as of April 1, 1999, and November 13, 2004, before the commencement of the offense conduct as charged in the indictment. Additionally, the case agent's testimony regarding what the certificates indicated as to the banks' insured status provided a sufficient basis from which the jury could draw the reasonable inference that the banks were insured by the FDIC at the time of the charged offense conduct. Tsoa's argument to the contrary does not alter this conclusion. Accordingly, the district court did not reversibly err in denying Tsoa's Rule 29 motion as to the bank fraud counts.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

11