**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4391**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

KENNETH WAYNE HART, a/k/a Wayne Hawkins, a/k/a Hawk, a/k/a Big Daddy, a/k/a Billy Reds, a/k/a Billy Red Hart,

        Defendant – Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:17-cr-00376-PJM-1)

_____

Submitted: January 21, 2026                  Decided: March 4, 2026

_____

Before KING, THACKER, and RICHARDSON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Charles Burnham, BURNHAM & GOROKHOV PLLC, Washington, D.C., for Appellant. Kelly O. Hayes, United States Attorney, David C. Bornstein, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

At the conclusion of a jury trial in the District of Maryland in March 2020, defendant Kenneth Wayne Hart was convicted on five criminal charges:  conspiracy to distribute and possess with intent to distribute controlled substances, in contravention of 21 U.S.C. § 846 (Count One); conspiracy to commit sex trafficking by force, fraud, and coercion, in violation of 18 U.S.C. § 1594(c) (Count Two); sex trafficking by force, fraud and coercion, in violation of 18 U.S.C. § 1591(a), (b)(1) (Counts Three and Four); and witness tampering, in contravention of 18 U.S.C. § 1512(a)(2)(A), (C) (Count Five).  Hart was sentenced by the district court in October 2020 to a total prison term of 300 months, which constituted a downward variance from the advisory Sentencing Guidelines range.  In an earlier appeal by Hart, we vacated his witness tampering conviction and remanded for resentencing with respect to the remaining four convictions.  *See United States v. Hart*, 91 F.4th 732 (4th Cir. 2024).

On remand, in July 2024, the district court again varied below the advisory Guidelines range and sentenced Hart to a total prison term of 300 months.  In this appeal, Hart contends that the new sentence is procedurally unreasonable, in that the court improperly relied on his bare arrest record in resentencing him.  Additionally, Hart asserts that the new sentence is substantively unreasonable because the court should have granted an even larger downward variance.  We have carefully considered Hart's contentions and reject them for the reasons that follow.

Starting with the contention that the district court improperly relied on his bare arrest record, Hart acknowledges that this issue is subject to review for plain error only because

2

he did not raise it below. *See United States v. White*, 405 F.3d 208, 215 (4th Cir. 2005). To establish plain error, Hart must demonstrate that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *See United States v. Ramirez-Castillo*, 748 F.3d 205, 212 (4th Cir. 2014). Hart's contention fails under the second prong of the plain error analysis, in that any error was not plain.

An error qualifies as plain "if the settled law of the Supreme Court or this Circuit establishes that an error has occurred," *see United States v. Maxwell*, 285 F.3d 336, 342 (4th Cir. 2002) (citation modified), or if, in an "exceedingly rare" case, "our sister circuits have uniformly taken a position on an issue that has never been squarely presented to this Court," *see United States v. Carthorne*, 726 F.3d 503, 516 n.14 (4th Cir. 2013) (citation modified). Significantly, however, neither the Supreme Court nor this Court has held that a district court may not consider a bare arrest record in imposing a below-Guidelines sentence like Hart's. Indeed, we have concluded only that the Guidelines prohibit reliance on a bare arrest record in the different circumstance of imposing an upward departure. *See United States v. Dixon*, 318 F.3d 585, 591 (4th Cir. 2003); *see also United States v. Williams*, 823 F. App'x 128, 132 n.2 (4th Cir. 2020) ("We have yet to decide whether [the Guidelines'] prohibition on considering a defendant's prior arrest record applies to a variance from the Guidelines.").

That leaves Hart to demonstrate plain error based on uniform decisions of our sister circuits. But Hart has not established the requisite uniformity, in that he invokes apposite decisions of just two other courts of appeals. *See, e.g.*, *United States v. Zarco-Beiza*, 24

3

F.4th 477, 482 (5th Cir. 2022) (broadly recognizing "that it is error for a district court to rely on a bare arrest record at sentencing because it does not provide sufficient indicia of reliability to satisfy due process" (citation modified)); *United States v. Mitchell*, 944 F.3d 116, 120 (3d Cir. 2019) (similarly observing that "although a court can mention a defendant's record of prior arrests that did not lead to conviction, it cannot rely on such a record").

In any event, it is not at all clear that the district court actually relied on Hart's bare arrest record in resentencing him. At best, the hearing transcript is ambiguous on this point. Consequently, Hart has otherwise failed to demonstrate plain error. *See Esteras v. United States*, 606 U.S. 185, 202-03 (2025) (explaining that, under plain error review, a sentencing court "will be affirmed unless it is clear or obvious that the . . . court actually relied on [an impermissible consideration] — because it did so either expressly or by unmistakable implication" (citation modified)).

Turning to Hart's separate contention that the district court should have granted an even larger downward variance, he must rebut the "presumption of reasonableness" accorded "to a sentence within or below a properly calculated Guidelines range." *See United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (citation modified). To do so, Hart is obliged to "show[] that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 357-58 (citation modified). Simply put, Hart has not made the necessary showing.

4

Pursuant to the foregoing, we thus reject Hart's appellate contentions and affirm the new sentence imposed by the district court in the remand proceedings.[*]

*AFFIRMED*

---

[*] We deny as moot Hart's pending motion for permission to file a supplemental brief responding to a new argument raised by the government in a letter to this Court under Federal Rule of Appellate Procedure 28(j).  In denying Hart's motion, we emphasize that it is moot because we do not rely herein on the government's new argument.