Vacated and remanded by unpublished PER CURIAM opinion.
Unpublished opinions are not binding precedent in this circuit.
PER CURIAM:
Section 5Dl.l(c) of the United States Sentencing Guidelines (USSG) provides that “[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deporta-ble alien who likely will be deported after imprisonment.” USSG § 5Dl.l(c). Official commentary to this Guideline explains that “[t]he court should, however, consider imposing a term of supervised release on *261 such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.” USSG § 5D1.1, comment, (n.5).
In the instant case, supervised release is not required by statute and the defendant, Carlos Bautista-Villanueva (Defendant), is a deportable alien who likely will be deported back to Mexico after serving his sentence of fifty-seven months’ imprisonment resulting from his conviction on one count of illegal reentry by an aggravated felon, 8 U.S.C. §§ 1326(a) and (b)(2). Although the district court imposed a three-year term of supervised release upon Defendant, the record does not disclose whether the district court did so after determining that imposition of a term of supervised release upon Defendant would provide an added measure of deterrence and protection based on the facts and circumstances of Defendant’s case, such that his case would not be considered ordinary for purposes of USSG § 5Dl.l(c).
On appeal, Defendant acknowledges that the Guidelines are advisory as opposed to mandatory; however, Defendant argues that USSG § 5Dl.l(c) “must have some effect, and it cannot be procedurally reasonable for a district court to ignore it completely, with no supportive findings, explicit or implicit, in the record.” (Defendant’s Opening Br. at 14). “For this reason,” Defendant contends, “the imposition of a period of supervised release in this ease was procedurally unreasonable, and this Court should vacate the sentence and remand the case for resentencing.” Id.
Contrary to the government’s position on appeal, the record does not disclose whether the district court, in imposing a three-year term of supervised release upon Defendant, considered USSG § 5Dl.l(c) and its relevant commentary sufficiently for us to conduct meaningful appellate review regarding whether the district court performed an adequate individualized assessment of the propriety of imposing a term of supervised release upon Defendant. Accordingly, we vacate Defendant’s sentence and remand this case to the district court for the limited purpose of the district court revisiting its decision to impose a term of supervised release upon Defendant. We express no opinion regarding how the district court should rule on this issue. However, in so ruling, the district court must perform an individualized assessment of the propriety of imposing a term of supervised release upon Defendant sufficient for us to conduct meaningful appellate review, including explaining its consideration of the advisory guidance provided in USSG § 5Dl.l(c) and the official commentary to this Guideline, see USSG § 5D1.1, comment. (n.5); see United States v. Carter, 564 F.3d 325, 328 (4th Cir.2009) (“Procedural errors include ... failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.” (internal quotation marks omitted)). If the district court sentences Defendant to a term of supervised release on remand, and if Defendant believes the district court procedurally erred with respect to imposing such term, Defendant may note another appeal on that ground in compliance with Federal Rule of Appellate Procedure 4(b).

VACATED AND REMANDED.