**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4268**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

        v.

JUAN MANUEL XUTUC-LOPEZ, a/k/a Juan Manuel Xutuc,

                 Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:12-cr-00391-NCT-1)

Submitted:  November 26, 2013        Decided:  December 4, 2013

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark H. Allenbaugh, LAW OFFICES OF MARK H. ALLENBAUGH, Wickliff, Ohio, for Appellant.  Kyle David Pousson, Ripley Eagles Rand, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Manuel Xutuc-Lopez pleaded guilty without a plea agreement to illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012), and was sentenced to twenty-seven months' imprisonment, followed by a three-year term of supervised release. On appeal, Xutuc-Lopez contends that the district court plainly erred by imposing a term of supervised release as part of his sentence. We affirm.

Xutuc-Lopez concedes that the standard of review is plain error, as he raises this issue for the first time on appeal. United States v. Maxwell, 285 F.3d 336, 339 (4th Cir. 2002). The Sentencing Guidelines provide that sentencing courts ordinarily should not impose a term of supervised release for an alien who is likely to be deported post-imprisonment. U.S. Sentencing Guidelines Manual ("USSG") § 5D1.1(c) (2012). Commentary to that provision suggests the reason for this general policy — if the defendant is out of the country, there is no need for supervision, and if he returns illegally, a new prosecution will provide the necessary security and deterrence. USSG § 5D1.1 cmt. n.5. The application note continues, "The court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." Id.

2

Here, the district court did not specifically discuss its reasons for imposing a term of supervised release, but it did consider the 18 U.S.C. § 3553(a) (2012) factors in handing down its sentencing determination. The district court noted Xutuc-Lopez's prior felony conviction and the fact that he returned to the United States, remaining here for approximately three years before his arrest.

Our plain error review strictly circumscribes our authority to remedy an error. Puckett v. United States, 556 U.S. 129, 134 (2009). A "plain" error is one that is "clear" or "obvious," United States v. Olano, 507 U.S. 725, 731-32 (1993), under "the settled law of the Supreme Court or this circuit." United States v. Carthorne, 726 F.3d 503, 516 (4th Cir. 2013) (internal quotation marks omitted). This assessment is made at the time of review. Henderson v. United States, 133 S. Ct. 1121, 1124-25 (2013). We recognize that both the Supreme Court and this court have clear precedent requiring a district court to explain the particular reasons for its chosen sentence as required by 18 U.S.C. § 3553(c) (2012). Rita v. United States, 551 U.S. 338, 356 (2007); United States v. Carter, 564 F.3d 325, 328, 330 (4th Cir. 2009). But the specific issue presented here, concerning sentencing under USSG § 5D1.1(c) and application note 5, has not been so definitively resolved. See United States v. Bautista-Villanueva, No. 12-4828, 2013 WL

3

6098425, at *4, *5 (4th Cir. Nov. 21, 2013) (per curiam) (unpublished) (Niemeyer, J., dissenting) (collecting cases).

In the absence of clear authority on the issue raised by Xutuc-Lopez, he has failed to show that the district court plainly erred by imposing a three-year term of supervised release. We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED