**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4622**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

SHERINA HOSEIN,

             Defendant - Appellant.

─────────────

**No. 13-4646**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

NAZIM HOSEIN,

             Defendant - Appellant.

─────────────

Appeals from the United States District Court for the Western
District of North Carolina, at Charlotte.   Robert J. Conrad,
Jr., District Judge. (3:11-cr-00253-RJC-2; 3:11-cr-00253-RJC-1)

─────────────

Submitted: July 29, 2014          Decided: August 6, 2014

─────────────

Before SHEDD, AGEE, and FLOYD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

_____

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina; Randolph M. Lee, LAW OFFICE OF RANDOLPH MARSHALL LEE, Charlotte, North Carolina, for Appellants.  Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Nazim Hosein ("Nazim") and his wife, Sherina Hosein ("Sherina") (collectively, "the Hoseins"), were convicted of conspiracy to commit bank fraud, bank fraud, and two counts of making a false statement to obtain a loan. The Hoseins' convictions stemmed from their multi-week endeavor to fraudulently secure a credit card and several auto loans. On appeal, the Hoseins challenge aspects of their sentences. We affirm.

Generally, we review a sentence for reasonableness, using "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). We must first review for "significant procedural error[s]," including, among other things, improperly calculating the Guidelines range and failing to adequately explain the chosen sentence. Id. Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. Id.

First, Nazim questions whether the district court adequately explained its consideration of United States Sentencing Guidelines Manual ("USSG") § 5D1.1(c) (2012) when deciding to impose a term of supervised release. We reject Nazim's contention that he properly preserved this issue, and we review for plain error. United States v. Maxwell, 285 F.3d 336, 339 (4th Cir. 2002) (noting standard of review); see also United

3

States v. Dominguez-Alvarado, 695 F.3d 324, 327-28 (5th Cir. 2012) (applying plain error review to § 5D1.1(c) claim when defendant only summarily objected to term of supervised release).

Nazim's suggestion that the district court's explanation of his sentence was insufficient overlooks the court's thorough examination of the 18 U.S.C. § 3553(a) (2012) factors, Nazim's personal characteristics, and the circumstances of his offenses, all given immediately prior to the court's imposition of supervised release. Thus, there was no plain error in the district court's failure to elaborate further when considering USSG § 5D1.1(c).

We are similarly unpersuaded by Sherina's challenge to her sentence. Sherina argues that the district court should have granted her a reduction in her offense level under USSG § 3B1.2 (2012) because Nazim exerted control over her and directed the couple's fraud scheme. "In assessing a challenge to a sentencing court's application of the Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo." United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010) (internal quotation marks omitted).

Section 3B1.2 provides a downward adjustment for a defendant who is "substantially less culpable than the average participant." USSG § 3B1.2 cmt. n.3(A). "[T]he critical

4

inquiry for a sentencing court, in considering a § 3B1.2 adjustment, is not just whether the defendant has done fewer bad acts than [her] codefendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Powell, 680 F.3d 350, 359 (4th Cir.) (internal quotation marks omitted), cert. denied, 133 S. Ct. 376 (2012). Thus, the court must "measure the defendant's individual acts and relative culpability against the elements of the offense of conviction." Id. (internal quotation marks omitted). Sherina had the burden of showing by a preponderance of the evidence that she played a minor role in the offense. Id. at 358-59.

Here, as the district court noted, Sherina's presence, signature, and affirmance of various misstatements on multiple credit applications was essential to the Hoseins' fraud. The fact that Nazim was the instigator and directed Sherina's actions does not negate the fact that she was indispensable to their repeated crimes. See United States v. Kerr, 13 F.3d 203, 206-07 (7th Cir. 1993). Accordingly, we find no clear error in the district court's refusal to grant Sherina the benefit of § 3B1.2. See Powell, 680 F.3d at 359. Sherina's summary claim that her within-Guidelines sentence is substantively unreasonable also fails. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED