**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4244**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

REGINA DAWN BIRD,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City. Martin K. Reidinger, District Judge. (2:12-cr-00006-MR-DLH-1)

Submitted: October 24, 2017              Decided: December 18, 2017

Before GREGORY, Chief Judge, and MOTZ and HARRIS, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Regina Dawn Bird appeals the district court's judgment revoking her supervised release and sentencing her to 7 months' imprisonment and 24 months' supervised release. Bird's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Bird's revocation sentence is plainly unreasonable—specifically, whether she should have received a longer prison term with no additional supervised release. Bird was informed of her right to file a pro se supplemental brief, but she has not done so. We affirm in part and dismiss in part.

During the pendency of this appeal, Bird was released from incarceration and began serving her 24-month term of supervised release. We may address sua sponte whether an issue on appeal presents "a live case or controversy . . . since mootness goes to the heart of the Article III jurisdiction of the courts." *Castendet-Lewis v. Sessions*, 855 F.3d 253, 260 (4th Cir. 2017) (internal quotation marks omitted). Because Bird already has served her term of imprisonment, there is no longer a live controversy regarding the length of her confinement. Therefore, counsel's challenge to the district court's decision to impose the seven-month prison term is moot. *See United States v. Hardy*, 545 F.3d 280, 283-84 (4th Cir. 2008).

Because Bird is still serving her supervised release term, we retain jurisdiction to review the district court's decision to impose the additional 24-month term of supervised release. "A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v.*

2

*Slappy*, ___ F.3d ___, ___, No. 16-4010, 2017 WL 4183191, at \*3 (4th Cir. Sept. 22, 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable," *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013), and only if we find the sentence unreasonable must we decide "whether it is plainly so," *Slappy*, 2017 WL 4183191, at \*4 (internal quotation marks omitted).

A revocation sentence is procedurally reasonable if the district court has considered the applicable 18 U.S.C. § 3553(a) (2012) factors and the policy statements contained in Chapter 7 of the Sentencing Guidelines. *Id.* at \*3. The district court also must provide an explanation of its chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. *Id.* at \*4 (internal quotation marks omitted). "[A] revocation sentence is substantively reasonable if the [district] court sufficiently state[s] a proper basis for its conclusion that the defendant should receive the sentence imposed," up to the statutory maximum. *Id.* (internal quotation marks omitted).

Here, the district court was statutorily authorized to impose supervised release of up to 25 months and 21 days for Bird's admitted supervised release violations. 18 U.S.C §§ 2111, 3559(a)(3), 3583(b)(2), (h) (2012); *see United States v. Maxwell*, 285 F.3d 336, 340-42 (4th Cir. 2002). Thus, Bird's supervised release sentence of 24 months is below the statutory maximum. Furthermore, the district court provided appropriate reasons for the supervised release term it imposed and explained its reasoning in rejecting Bird's

3

request for a longer imprisonment term with no supervised release. We therefore conclude that Bird's supervised release sentence is not unreasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore dismiss the appeal in part, insofar as it challenges the length of Bird's term of imprisonment, and affirm the revocation judgment in all other respects. This court requires that counsel inform Bird, in writing, of the right to petition the Supreme Court of the United States for further review. If Bird requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bird.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*