**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4044**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JAMES WILLIAM LEWIS, a/k/a Jessie, a/k/a Phoenix,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Joseph F. Anderson, Jr., Senior District Judge. (0:14-cr-00362-JFA-1)

Submitted: May 21, 2018        Decided: June 1, 2018

Before GREGORY, Chief Judge, and TRAXLER and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Miller W. Shealy, Jr., FINKEL LAW FIRM LLC, Charleston, South Carolina, for Appellant. Stacey Denise Haynes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James William Lewis pled guilty to using, carrying, and discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2012).  The district court sentenced Lewis to the mandatory minimum 300 months' imprisonment.  On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Lewis was competent to plead guilty and whether the district court abused its discretion in not ordering a competency hearing.  Although notified of his right to do so, Lewis has not filed a pro se brief.  We affirm the district court's judgment.

Because Lewis did not move for a competency hearing, we review the district court's failure to order a hearing for plain error.  *See United States v. Dreyer*, 705 F.3d 951, 960 (9th Cir. 2013).  "We may reverse only on a finding that (1) there was error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Moore*, 810 F.3d 932, 939 (4th Cir. 2016) (alterations and internal quotation marks omitted).

> The district court must order a competency hearing
>
> if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a) (2012).  "Whether reasonable cause exists is a question left to the sound discretion of the district court."  *United States v. Bernard*, 708 F.3d 583, 592 (4th Cir. 2013) (internal quotation marks omitted).  "Reasonable cause may be established through evidence of irrational behavior, the defendant's demeanor at trial, and medical

2

opinions concerning the defendant's competence." *Id.* at 592-93 (internal quotation marks omitted). The mere presence of "mental illness is not to be equated with incompetence." *Id.* at 593 (internal quotation marks omitted). Competency turns on "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Id.* (internal quotation marks omitted).

We conclude that the district court did not err, let alone plainly err, in failing to order a competency hearing. The medical report considered by the district court concluded that Lewis was competent to proceed. Moreover, the district court questioned Lewis about his medication and mental illness, and Lewis' answers indicated that he was able to understand the proceedings. A complete review of the plea colloquy does not show that Lewis acted erratically or irrationally during his hearing. Thus, we conclude that that the district court did not err in finding Lewis competent to plead guilty.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious issues for review.[*] We therefore affirm the district court's judgment. This court requires that counsel inform Lewis, in writing, of the right

---

[*] We initially held this case in abeyance for a decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). We conclude that the district court did not plainly err in using 18 U.S.C. § 111(b) (2012) as the predicate offense underlying Lewis' § 924(c) conviction. *See United States v. Taylor*, 848 F.3d 476, 493-95 (1st Cir.), *cert. denied*, 137 S. Ct. 2255 (2017); *United States v. Rafidi*, 829 F.3d 437, 443-46 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 2147 (2017); *United States v. Maxwell*, 285 F.3d 336, 342 (4th Cir. 2002).

to petition the Supreme Court of the United States for further review. If Lewis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lewis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4