# United States Court of Appeals
## For the First Circuit

No. 19-1962

UNITED STATES OF AMERICA,

Appellee,

v.

CHARLIE JINAN CHEN, a/k/a Charlie Chen,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Denise J. Casper, U.S. District Judge]

---

Before

Lynch and Kayatta, Circuit Judges,
and McElroy,[*] District Judge.

---

Valerie S. Carter, with whom Dennis C. Carter and Carter & Doyle LLP were on brief, for appellant.
Donald C. Lockhart, Assistant United States Attorney, with whom Andrew E. Lelling, United States Attorney, was on brief, for appellee.

---

May 17, 2021

---

[*] Of the District of Rhode Island, sitting by designation.

**MCELROY**, <u>District Judge</u>.  Charlie Jinan Chen was charged in a four-count indictment with three counts of insider trading, in violation of 15 U.S.C. §§ 78j(b) and 78ff(a) (counts 1-3), and with one count of making a materially false statement to the Federal Bureau of Investigation (FBI), in violation of 18 U.S.C. § 1001(a)(2) (count 4).  The government alleged Mr. Chen made the false statement during an interview the FBI conducted of him while investigating insider trading.  At trial, he was acquitted of all three insider trading counts but convicted of making a false statement.  He was sentenced to two years of probation plus a $4,000 fine.

The crux of the appeal involves the content of the allegedly false statement and related claims of prosecutorial misconduct and judicial mishandling of count 4.  Also material to the appeal is the content of a second statement which, while alleged by the government to have been false, was not charged.  The two statements – one referred to as the Recall Allegation and the other as the Friends Allegation - are elucidated below.

We affirm.

<u>Background.</u>

The insider trading charges pertained to Mr. Chen's stock trading in Vistaprint, an international printing company with offices in Lexington, Massachusetts.  The government

contended that just prior to the release of eight consecutive quarterly earnings statements, Mr. Chen exercised options to purchase Vistaprint stock.  In each of these quarters, Mr. Chen correctly predicted the rise in share prices that would follow the announcements.  After the bump in the stock value, he sold shares, realizing a profit of more than $800,000.  The government alleged that this pattern of purchasing and selling Vistaprint stock was facilitated by insider information obtained from a Vistaprint executive, Zhen (Jenny) Ye, or her husband, Kun (Kevin) Xu, or both.  According to the prosecution, the Ye-Xu family and the Chen family were close friends, living near each other, sending their children to the same language school, and socializing and vacationing together.

During the FBI interview, Mr. Chen made two statements that are relevant here.  He told the FBI that he could not recall options trading in Vistaprint.  It was that answer, which we refer to as the "Recall Allegation", that count 4 of the indictment alleged was untrue.  Mr. Chen made a second statement to the FBI which the government also challenged as false, albeit not in a formal charge. In the FBI interview, Mr. Chen denied that he and the executive's husband, Kun or Kevin Xu, were "close friends." He said they were mere acquaintances who did not speak often and had never spoken about Vistaprint.  He claimed not to know what

Jenny did for a living. The accusation that this denial was untrue is referred to here as the "Friends Allegation." The untruth of the Friends Allegation was highly relevant to the prosecution. The relationship between Mr. Chen and the Xu couple would make more plausible his having received an insider "tip" from one or both of them that could be used in insider trading. Further, it would also make more probable that his trading in Vistaprint options would be memorable.

This appeal sends our attention in two directions. First, in a series of arguments all complaining in various ways of the same thing, Mr. Chen contends that even though only the Recall Allegation was charged as materially false, the jury might have convicted him instead based on the uncharged Friends Allegation. Second, in an argument not raised during trial but preserved in his motion for new trial, Mr. Chen contends that the evidence was insufficient to prove the materiality of the false statement, an element of count 4. As discussed below, all of his arguments lack merit.

The Preservation Requirement.

"It is a bedrock principle of our adversarial system that ostensible errors arising before and during trial must be properly raised and preserved in order to be reviewable on appeal." United States v. Holmquist, 36 F.3d 154, 163 (1st Cir. 1994).

- 4 -

Subject to the very limited "plain error" exception discussed below, a party dissatisfied with something occurring at trial must request some remedy from the trial judge to ensure that he or she can carry that complaint to an appeals court if necessary. It is from such rulings that appellate claims may arise.

The preservation requirement embodies the policy that trial judges be given an opportunity to take corrective action if some inappropriate or impermissible activity has occurred at the trial. "In our adversarial system of justice, litigants must alert trial courts to [an] 'error-in-the-making.'" United States v. Kinsella, 622 F.3d 75, 83 (1st Cir. 2010) (quoting United States v. Griffin, 818 F.2d 97, 100 (1st Cir. 1987)). Only if the trial judge has had that opportunity and has, in the appellant's opinion, failed to take appropriate action, may the appellant in the ordinary course press the issue to the appeals court. "A timely objection lets the trial judge correct any errors to avoid needless reversals and remands." Id.

Framing of the Issues.

Mr. Chen's trial counsel seemed to understand the problem that might arise from the fact that only one of the accusations of false statements underlay count 4 of the indictment. At various points in the trial, she pointed out that the government seemed to be stressing the Friends Allegation at the expense of

the Recall Allegation and that she was afraid the jury would either be confused or tempted to convict on count 4 based on the knowing falsity of the former instead of the latter. At no time, however, as will be seen in the following discussion, did she make any request of the trial judge to do or not do something because of this concern, to preserve any claim of error.

In this Court, Mr. Chen frames his arguments in a somewhat curious way. Rather than claim discrete errors committed by the trial judge, he describes various incidents of prosecution and judicial conduct or inaction. We discern from his narrative seven discrete points of challenge:

1. That an improper variance occurred between the indictment and the proof at trial and that this variance violated Mr. Chen's right under Amendment VI of the United States Constitution "to be informed of the nature and cause of the accusation."

2. That the government "changed up" its theory between indictment and trial and, although the indictment stemmed from the Recall Allegation, the prosecution conducted itself as if the indictment charged the Friends Allegation. Br. of Defendant-Appellant at 9.

3. That the government committed prosecutorial misconduct by referring only to the Friends Allegation in its opening statement, and not to the Recall Allegation.

4. That the government "usurp[ed] Count Four" by arguing the Friends Allegation in its closing statement. Br. of Defendant-Appellant at 16.

5. That neither the trial judge's preliminary instruction nor her final instruction clearly informed the

- 6 -

jury that it must find proof of the Recall Allegation – and not the Friends Allegation – to convict on count 4.

6. That the indictment – which charged the Recall Allegation as the allegedly false statement – was not sent to the jury room.

7. That the verdict form did not clearly inform the jury that to convict it must find the Recall Allegation – and not the Friends Allegation – to have been proven.

These several claims amount to the same complaint: that the prosecution and judge contributed, in different ways, to the possibility that the jury convicted on proof of the uncharged Friends Allegation instead of on proof of the charged Recall Allegation. No matter how many different ways he finds to frame this assertion, however, Mr. Chen's problem is that none of these arguments was preserved in the trial court by an objection, a motion, or any other unsuccessful request or protest to the trial judge.[1] Mr. Chen's attempt to find satisfaction in this Court is therefore contingent on his carrying the burden of demonstrating that the events at trial he complains of were "plain error [] affect[ing] substantial rights." Fed. R. Crim. P. 52(b).

_____

[1] The only possible exception to this failure was a colloquy concerning the prosecution's opening statement. As will be discussed below, however, Mr. Chen's protest was quickly withdrawn, and he pronounced himself satisfied with the government's opening statement. See infra p. 13.

- 7 -

<u>Waiver and Plain Error.</u>

We discuss waiver and plain error at the outset to avoid repetition as we proceed through Mr. Chen's arguments because all but one of his arguments was either waived at trial or forfeited below. An issue may be waived when a party purposefully abandons it, either expressly or by taking a contrary position at trial. <u>United States</u> v. <u>Olano</u>, 507 U.S. 725, 733 (1993) (defining waiver as "the 'intentional relinquishment or abandonment of a known right'" (quoting <u>Johnson</u> v. <u>Zerbst</u>, 304 U.S. 458, 464 (1938)). An issue may also be waived if counsel's own conduct invited the trial judge's ruling. <u>E.g.</u>, <u>United States</u> v. <u>Kakley</u>, 741 F.2d 1, 3 (1st Cir. 1984) (explaining that counsel "invited" whatever error may have occurred by requesting the challenged instruction). A party who waives an issue at trial cannot later complain on appeal by pressing a position that was not taken at trial.

"Plain error," on the other hand, is a doctrine that enables appellate review of forfeited issues that, while not deliberately abandoned at trial, were not pressed by way of an objection or request for ruling. <u>See</u>, <u>United States</u> v. <u>McPhail</u>, 831 F.3d 1, 8-9 (1st Cir. 2016) (distinguishing between waived and forfeited issues). Reversal may occur in the absence of preservation at trial when "(1) . . . an error occurred (2) which was clear or obvious and which not only (3) affected the

defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Salley, 651 F.3d 159, 164 (1st Cir. 2011) (quoting United States v. Landry, 631 F.3d 597, 606 (1st Cir. 2011)). "Plain error reversals are limited to blockbuster errors and not ordinary backfires." Id. Not only must the error be a blockbuster, but the prejudice must also be so substantial that it creates a "reasonable probability" that the outcome of the trial would have been different had it not occurred. United States v. Padilla, 415 F.3d 211, 221 (1st Cir. 2005) (quoting United States v. Dominguez Benitez, 542 U.S. 74, 82 (2004)).

In this case, except for the materiality argument raised at his motion for new trial, all of Mr. Chen's arguments on appeal were either waived or forfeited. We discuss each below.

1. Variance between the indictment and the proof, and the Sixth Amendment violation.

At its heart, Mr. Chen's argument is that multiple circumstances may have caused the jury to convict him of the Friends Allegation instead of the Recall Allegation, essentially causing a mismatch – or variance – between the indictment and the proof. He contends that both the trial judge and the prosecutor furthered this alleged error. As a result, he argues, he did not receive adequate notice that the charge he had to defend against

concerned the Friends Allegation.  At trial, however, he raised neither the argument of variance nor of a Sixth Amendment "notice" violation, so plain error review is required.[2]  See United States v. Rodríguez-Milián, 820 F.3d 26, 32 (1st Cir. 2016) (reviewing for plain error where appellant did not raise variance issue in the district court).

As to his Sixth Amendment claim, Mr. Chen received adequate notice of the conduct charged as criminal and so there was no error, plain or otherwise.  The indictment specifically alleged the knowing falsity of his statement that he "could not recall his options trading in [Vistaprint], when in fact CHEN then and there knew he had bought and sold options in [Vistaprint] as part of the insider trading scheme alleged herein."  Mr. Chen acknowledges in his brief that at various points the government stressed it was relying on that allegation to convict.  See, e.g., Br. of Defendant-Appellant at 5-6, 11-12, 15, 17-19.  Indeed, the record reflects that.  That the government also introduced evidence of a second false statement does not detract from the notice Mr. Chen was indisputably given as to the Recall Allegation.

---

[2] We note that Mr. Chen's presentation to this Court is spare. He cites but one case in support of his eight-and-one-half page argument, United States v. Dowdell, 595 F.3d 50 (1st Cir. 2010), a case which dealt with neither a variance nor a Sixth Amendment claim.  Dowdell involved a "ministerial correction to a clerical error" in the indictment.  Id. at 66.

- 10 -

"Convictions may be reversed based on variance only upon a showing of prejudice to the defendant's substantial rights," such as "when lack of notice regarding the charges deprives the defendant of his ability to prepare an effective defense and to avoid surprise at trial." United States v. Soto-Beníquez, 356 F.3d 1, 27 (1st Cir. 2003); see also United States v. Tavares, 705 F.3d 4, 16–17 (1st Cir. 2013) (finding no plain error where there was no prejudicial variance). As discussed above, Mr. Chen had ample notice that the government intended to introduce evidence of the Friends Allegation in addition to the Recall Allegation, and ample opportunity to request a jury instruction clarifying that count 4 was based on the Recall Allegation alone.

Mr. Chen suggests that he has established prejudice because there was "evidentiary spillover" that could have led the jury to convict him of count 4 based on the Friends Allegation, even if it believed that he was telling the truth when he stated that he could not recall his options trading with Vistaprint. But we have only recognized such spillover prejudice in cases involving multiple conspiracies and/or multiple defendants, see United States v. Flaherty, 668 F.2d 566, 582 (1st Cir. 2017), "so that in cases with multiple defendants proof that one defendant was involved in one conspiracy does not lead the jury to believe that another defendant was involved in a separate conspiracy." United

States v. Tormos-Vega, 959 F.2d 1103, 1115 (1st Cir. 1992).  Mr. Chen points to no case in which we have applied this doctrine to find a prejudicial variance with respect to a false statement charge against a single defendant.  In short, we see no plain error.

2.  Alleged prosecutorial misconduct in the opening and closing statements.

Mr. Chen complains that the government's opening statement recounted the evidence only of the falsity of the Friends Allegation, and that its failure to discuss the Recall Allegation was misconduct.  The judge had set a twenty-minute time limit for opening statements.  At the eighteen-minute point, she warned the prosecutor of the elapsed time.  At the point when the trial judge called "time," the prosecutor had just progressed in his chronology to the FBI's going to Mr. Chen's restaurant to talk to him.  Told to "wrap up," the prosecutor mentioned Mr. Chen's "not close friends" answer, "[a]mong other things," made one concluding remark, and then sat down.  Id.

The next day, Mr. Chen's counsel pointed out to the trial judge that the prosecutor failed to discuss the Recall Allegation in the opening statement and indicated her concern that the government was planning to rely on the Friends Allegation to prove count 4.  The prosecutor confirmed that the government would rely on the Recall Allegation alone and explained that he did not

mention the Recall Allegation during his opening statement because he had run out of time. Defense counsel replied, "with that clarification, we're fine." We need not decide whether Mr. Chen's prosecutorial-misconduct objection was waived or forfeited through this colloquy with the trial judge. Even assuming plain error review is available, Mr. Chen points to no case holding that a prosecutor committed misconduct by failing to mention certain evidence in an opening statement. As such, Mr. Chen has not shown that the prosecutor committed "clear or obvious" misconduct and so cannot satisfy the second prong of the plain error standard.

The specific complaint about the closing statement is hard to discern, but it seems to involve the government's statement that "[Chen] lied about many things," without reminding the jury that count 4 charged only falsity in the Recall Allegation.[3] Nestled in this section of Mr. Chen's brief is an additional claim that faults the trial court for not sua sponte giving a "cautionary/clarifying" instruction. Br. of Defendant-Appellant at 21. We cannot find anything wrong with the prosecution's closing argument, much less misconduct. The defense conceded at trial that the evidence was relevant to the insider trading counts and does so again in its Brief. Br. of Defendant-Appellant at 17,

---

[3] Mr. Chen describes this as "[m]erging the one material statement alleged in the Indictment with the other so-called uncharged lies." Br. of Defendant-Appellant at 20.

- 13 -

35-37.  Finding no clear prosecutorial misconduct, we can hardly fault the trial judge, as Mr. Chen does, for failing to sua sponte give a "clarifying" instruction.[4]

### 3. The indictment not going to the jury and the verdict form.

We combine these two claims of error because our analysis of them is the same.  Both claims were waived at trial.  Whether an indictment is given to the jury is within the sound discretion of the trial judge.  United States v. Medina, 761 F.2d 12, 21-22 (1st Cir. 1985).  The failure to do so can hardly be termed error. Even more fatal to Mr. Chen's contention is yet again the fact that he not only did not object:  he affirmatively agreed.  The trial judge made clear her intention not to provide the indictment to the jurors, and on at least two occasions, Mr. Chen indicated

---

[4] We note that "the plain error hurdle, high in all events, nowhere looms larger than in the context of alleged instructional errors."  United States v. Rivera-Carrasquillo, 933 F.2d 33, 49 (1st Cir. 2019)(quoting United States v. Paniagua-Ramos, 251 F.3d 242, 246 (1st Cir. 2001)).  Plain error will be found only for "glaring" mistakes, such as the failure to charge on the burden of proof.  United States v. Paniagua-Ramos, 251 F.3d at 246 (1st Cir. 2001).  At several points in the trial, the defense specifically approved the instructions given by the trial court.

Mr. Chen does not appear to make a frontal assault on the trial court's instructions to the jury on count 4.  If he had, we would respond that the instruction given was one he and the government both proposed, he pointed out no problem with the instructions the trial judge proposed, and he made no objection at the close of the instructions.

his preference for precisely that decision. Having agreed to withhold the indictment from the jury, any challenge to that course of conduct was waived. United States v. Morehead, 676 F. App'x 695, 696 (9th Cir. 2017) (finding that the defendant waived his right to have the indictment provided to the jury where he declined the judge's offer to read the indictment to the jury or provide them with a copy).

In the same way, we reject Mr. Chen's challenge to the verdict form. Not only did he not object to it, when asked if the verdict form was acceptable to the defense, counsel replied specifically, "We're fine with it." He cannot change direction in this Court. He has waived this issue. United States v. Souffrant, 517 F. App'x 803, 718 (11th Cir. 2013) (finding that the defendant waived any objection to the verdict form by agreeing to it).

    4. Motion for a new trial.

Mr. Chen's appellate claim under Fed. R. Crim. P. 33 is unclear. The government interprets it as challenging the sufficiency of the evidence on count 4. Br. for United States at 35. While Mr. Chen does specifically challenge proof of materiality with respect to the Recall Allegation, he mounts a broader challenge that he terms the trial court's "inexplicabl[e] acquiescenc[ence] to the government's unilateral transformation of

Count Four." Br. of Defendant-Appellant at 37. This is yet another way to repackage the complaints discussed above. However, bringing these claims in a motion for a new trial does not relieve Mr. Chen of meeting the burden of plain error, as all but the materiality issue discussed below remain unpreserved. See Kinsella, 622 F.3d at 83. We do not agree that the district court or the government "unilateral[ly] transform[ed]" count 4.

With respect to materiality, while Mr. Chen maintains the statement had to be one that in fact affected the investigation, we agree with the government's assertion that it merely had to be of a type which would have a "natural tendency" to influence an investigation in the "abstract." United States v. Phillipos, 849 F.3d 464, 473 (1st Cir. 2017) (quoting United States v. Mehanna, 735 F.3d 32, 55 (1st Cir. 2013); accord Mehanna at 55 ("[W]here a defendant's statements are intended to misdirect government investigators, they may satisfy the materiality requirement of section 1001 even if they stand no chance of accomplishing their objective."). Pretending to not recall the trades can be as material as admitting or denying having made them, as a jury could find that a feigned lack of memory was intended as a thinly veiled deception. See, e.g., United States v. Sampson, 898 F.3d 287, 307 (2d Cir. 2018)(holding that the evidence was sufficient to support the conclusion that the defendant's

statement that he did not recall having seen a check register page was intended to deceive FBI agents).

Finally, in his argument for a new trial, Mr. Chen included a claim that the indictment was "unclear."[5] Br. of Defendant-Appellant at 40. He argued it is ambiguous as to whether it charges a false statement or merely a failure of memory. He maintains this argument only by omitting language from the indictment in a way that is misleading. He quotes the indictment as charging "that Chen 'could not recall his options trading in VPRT, when in fact CHEN then and there knew he had bought and sold options in [Vistaprint] as part of the insider trading scheme alleged herein.'" Id. Read that way, of course, it charges him with having a failure of memory. But that is not what the

---

[5] Nestled in this argument in his brief, Mr. Chen appears to question, though obliquely, the sufficiency of the evidence that his claim not to remember options trading in Vistaprint was false. Br. of Defendant-Appellant at pp. 42-43. We dispose of this argument, to the extent it is made, quickly. In reviewing the sufficiency of the evidence, we draw all inferences in favor of the verdict. United States v. Morel, 885 F.3d 17, 22 (1st Cir. 2018) (preserved sufficiency challenges are reviewed "taking the evidence in the light most favorable to the verdict."). Here, Chen engaged in options trading over the course of two years no less than eight times, his profit was approximately $830,000, and the percentage of the Chen family retirement accounts that were invested in Vistaprint was considerable, particularly in comparison to Mr. Chen's other investments. Mr. Chen's interpretation of this evidence is not the only one, and the jury could well have drawn a reasonable inference that his professed failure of memory was not true.

- 17 -

indictment recited. Instead, with the language that Mr. Chen omitted placed in italics by us, the indictment charged that Mr. Chen

> *did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation . . . by stating to Special Agents of the Federal Bureau of Investigation that he* could not recall his options trading in [Vistaprint], when in fact CHEN then and there knew he had bought and sold options in [Vistaprint] as part of the insider trading scheme alleged herein.

The full language of the indictment leaves no doubt that Mr. Chen was charged with making a false statement about whether he remembered options trading, not with having a faulty memory. There was nothing ambiguous about it, no error, and certainly no plain error.

Although Mr. Chen has made known to us his dissatisfaction with several events at his trial, he did not make it clear to the district judge. Indeed, he explicitly agreed to at least two of her decisions that he now claims as error and he failed to preserve all but one of the rest. Subject to both waiver and the difficult standard of plain error, he has failed to make his appellate case. Finding that Mr. Chen's arguments lack merit, we <u>affirm</u>.