# United States Court of Appeals
## For the First Circuit

No. 21-1937

UNITED STATES OF AMERICA,

Appellee,

v.

HIRAM JOSÉ RUIZ-VALLE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Gelpí, Lynch and Thompson,
Circuit Judges.

Joanna E. LeRoy, Research & Writing Attorney, with whom Eric Alexander Vos, Federal Public Defender, Franco L. Pérez-Redondo, Assistant Federal Public Defender, Supervisor, Appeals Division, Jackson B. Whetsel, Assistant Public Defender, and Kevin E. Lerman, Research & Writing Attorney, were on brief, for appellant.
David C. Bornstein, Assistant United States Attorney, with whom W. Stephen Muldrow, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, were on brief, for appellee.

May 4, 2023

**GELPÍ**, **Circuit Judge**.  In 2016, Hiram José Ruiz-Valle ("Ruiz-Valle") pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Following his initial release from prison, Ruiz-Valle's supervised release has been revoked four times.

Ruiz-Valle now appeals his latest revocation sentence on the ground that the district court erred by imposing in violation of 18 U.S.C. § 3583(e)(3) a twenty-four-month term of reimprisonment, and, by further imposing in violation of 18 U.S.C. § 3583(h) a twelve-month term of supervised release to follow.[1]

---

[1] We quote these statutes at some length because their terms are of significance to the disposition of the issue before us.

Section 3583(e)(3) provides that a district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release" upon a finding "by a preponderance of the evidence that the defendant violated a condition of supervised release."  But it also says (emphasis ours) that

> a defendant whose term is revoked under this paragraph may not be required to serve *on any such revocation* more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case.

Section 3583(h) states that when a supervised-release term "is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment."  But it also states (emphasis ours) that "[t]he length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for

- 2 -

Moreover, he argues that § 3583(e)(3) is unconstitutional as applied to him.

We affirm the sentence of reimprisonment imposed upon revocation; however, vacate the subsequent supervised-release term.

## I. BACKGROUND

Ruiz-Valle pleaded guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). This offense carried a ten-year maximum imprisonment sentence,[2] and is a Class C felony per 18 U.S.C. § 3559(a)(3) -- for which the maximum supervised-release term is 36 months per 18 U.S.C. § 3583(b)(2). The district court ultimately sentenced Ruiz-Valle to an eighteen-month term of imprisonment, followed by a three-year supervised-release term.

We next summarize the disposition of Ruiz-Valle's sentences following his multiple supervised release revocations.

the offense that resulted in the original term of supervised release, *less any term of imprisonment that was imposed upon revocation of supervised release*."

The importance of the highlighted language will be addressed later.

[2] References and citations to section 924(a)(2) in this opinion are to the provision as it existed at the time of Ruiz-Valle's charged conduct. These provisions have since been amended by the Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004, 136 Stat. 1313, 1329 (2022), which transposed the penalty provision for section 922(g) from section 924(a)(2) to 924(a)(8), providing for a longer maximum period of imprisonment. See United States v. Minor, 63 F.4th 112, 118 n.4 (1st Cir. 2023) (en banc).

Given that the first three of these are not the subject of this appeal, we only indicate the outcome of each without tarrying into further detail.

Ruiz-Valle's first revocation, in January 2019, resulted in reimprisonment of six months along with a new supervised-release term of three years. His second revocation, in October 2019, resulted in another six-month imprisonment term plus two years of supervised release. The third revocation, in December 2020, resulted in ten months imprisonment and two years of supervised release.

Ruiz-Valle was released from prison in May 2021. By then and upon completion of his third revocation sentence, Ruiz-Valle had collectively served twenty-two months in prison for his several violations. In August 2021, the U.S. Probation Office sought his arrest for new supervised-release violations, to wit, testing positive for cocaine use, failing to comply with his drug-testing condition, failing to appear at his counseling sessions, and breaching his family's peace as charged in a criminal complaint.

At his fourth revocation hearing , defense counsel told the district court that he saw "three possible" sentencing "solutions" to Ruiz-Valle's latest supervised-release infractions: (1) "four months" in prison and "more treatment," (2) "two years" in prison and "no more supervision," or (3) "one year" in prison

- 4 -

and "no further supervision." Ruiz-Valle's sentencing memo requested option (1). But at the hearing his lawyer requested a "one year" prison sentence, with "no further supervision." In defense counsel's view, sentencing Ruiz-Valle to two years in prison -- after his client had already served twenty-two months in prison on his earlier revocations -- would be "excessive." But he also said that "before you would accumulate" already-served prison "time, now you don't accumulate" it.

Opposing the defense's request, the government stated that it did not want Ruiz-Valle out "in a year" because he had "no interest in rehabilitating himself" and so releasing him too soon might lead to a "negative outcome."

The district court classified Ruiz-Valle's violations as Grade C and his Criminal History Category as II, and calculated an advisory sentencing range of four to ten months imprisonment. The court, however, varied upward and imposed the statutory maximum sentence of two years in prison followed by one additional year of supervised release.

Ruiz-Valle objected to the sentence imposed, arguing it was procedurally and substantively unreasonable. He first insisted that the district court "cannot impose supervision after it imposes [the] statutory maximum" because the sentence "exceeds . . . what is allowed by law" and offends "due process." He next claimed that the statutory-maximum prison term was

"excessive" and that "the lack of accumulation of the . . . prior sentences imposing revocation, again, violated his right to have a final sentence that is limited to the statutory maximum of . . . imprisonment on a revocation." He added that "any sentence over a total accumulated of 24 months . . . should not be allowed." And he concluded that "any sentence over a total accumulated of twenty-four months . . . should not be allowed.

The district court noted Ruiz-Valle's post-sentence objections. The government took no position as to the same. Ruiz-Valle timely appealed.

## II.   DISCUSSION

Ruiz-Valle asserts that the district court erred under § 3583(e)(3) by imposing a twenty-four-month term of reimprisonment without deducting the cumulative prison time served for all four violations. Alternatively, he argues that if § 3583(e)(3) indeed authorizes his current twenty-four-month prison term, the same is unconstitutional. He then claims that the district court could not impose the new twelve-month term of supervised release under § 3583(h). We address each argument seriatim.

### A. REIMPRISONMENT UPON REVOCATION

Section 3583(e)(3) pertinently provides (emphasis ours) that "[a] defendant whose term is revoked under this paragraph may not be required to serve *on any such revocation* more than . . . 2

- 6 -

years in prison if such offense is a class C . . . felony." As Ruiz-Valle sees it, the district court had to -- but did *not* -- "subtract the aggregate length of prior imprisonment terms imposed upon revocation of supervised release when calculating the statutory maximum" for his last revocation.

A dicta of ours indicates that Congress's 2003 addition of the phrase "on any such revocation" meant that the provision's statutory caps on post-revocation prison terms apply "afresh" to each new revocation. See United States v. Tapia-Escalera, 356 F.3d 181, 185-86, 188 (1st Cir. 2004).[3] And "every court of appeals to consider" whether the statutory caps reset with each new revocation "has determined" that the 2003 amendment abolishes "the credit for terms of imprisonment resulting from prior revocations." United States v. Sears, 32 F.4th 569, 574 (6th Cir. 2022) (quotation marks omitted and collecting cases from the Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and D.C. Circuits); see also United States v. Cunningham, 800 F.3d 1290, 1293 (11th Cir. 2015) (per curiam) ("hold[ing], as have each of the circuits that have examined the question, that upon each revocation of supervised release a defendant may be sentenced to the felony class limits contained within § 3583(e)(3) without regard to

---

[3] Such statement is dicta because Tapia-Escalera addressed the proper reading of § 3583(e)(3)'s *pre*-2003 text. See id. at 188.

- 7 -

imprisonment previously served for revocation of supervised release").

Ruiz-Valle responds with page after page of argument that the district court (and those other circuits, apparently) erred by misunderstanding § 3583(e)(3)'s text, context, and legislative history -- committing a constitutional error to boot. But the insurmountable problem for him is that he waived these arguments by arguing the opposite below.[4]  Noting that the "statutory maximum" prison sentence for his revocation was "2 years", Ruiz-Valle repeatedly told the district court that it could give him the maximum term.  He did say that a new prison term of "two years after he's already served 22 months in other revocations . . . could be excessive" -- a claim he made after discussing his personal issues.  But he conceded that he could not "accumulate" against the statutory maximum the "time" he had already spent in prison on the prior revocations.  And by telling the district court that it could sentence him to 24 months in prison on his current revocation, he waived any claim that the court could not do so -- on either statutory or constitutional grounds.  See United States v. Chen, 998 F.3d 1, 6 (1st Cir. 2021) (explaining that a party waives an issue by "purposefully abandon[ing] it, either expressly

---

[4] The Federal Public Defender for the District of Puerto Rico has represented Ruiz-Valle before the district court and now before us.

- 8 -

or by taking a contrary position" in the district court); see id. (adding that "[a]n issue may also be waived if counsel's own conduct invited the [district court's] ruling") see also United States v. Gates, 709 F.3d 58, 63 (1st Cir. 2013) (emphasizing that "a party cannot concede an issue in the district court and later, on appeal, attempt to repudiate that concession and resurrect the issue").

Arguing against this conclusion, Ruiz-Valle reads his counsel's later statements as preserving these error claims-- statements like the "lack of accumulation of the . . . prior sentences imposing revocation, again, violated his right to have a final sentence that is limited to the statutory maximum of . . . imprisonment on a revocation" and that "any sentence over a total accumulated of 24 months . . . should not be allowed." We are unconvinced.

Counsel did not develop this "lack of accumulation" and "total accumulated" statements into an objection that the court could not impose the 24-month prison term. And counsel's words are not specific enough to preserve the error claims, particularly since he conceded just moments earlier that he could not "accumulate" against the maximum term the "time" he had served in prison on his prior revocations. What is more, one can read counsel's statements as saying the district court could not impose *supervised release* after sentencing Ruiz-Valle to that prison

term.  All of which cuts against Ruiz-Valle's preservation theory. That is because these statements were not "sufficiently specific to call to the district court's attention" that the prison term violated § 3583(e)(3).  See United States v. Espinoza-Roque, 26 F.4th 32, 36 (1st Cir. 2022) (quotation marks omitted).  And "[i]ssues not squarely raised in the district court will not be entertained on appeal."  See United States v. Barnett, 989 F.2d 546, 554 (1st Cir. 1993) (emphasizing that "[j]udges are not expected to be mindreaders" so "a litigant has obligation to spell out his arguments squarely and distinctly or else forever hold his peace" (quotation marks omitted)).  Ruiz-Valle also offers no persuasive reason for relaxing the raise-or-waive rule (as it is known).

The bottom line is that Ruiz-Valle did not preserve any argument -- statutory *or* constitutional -- regarding the district court's sentence of imprisonment vis-a-vis § 3583(e)(3).  Hence whatever views we may have on these precise issues must be left for another case on another day.

### B. SUPERVISED RELEASE ON REVOCATION

Section 3583(h) relevantly provides (emphasis ours) that when the district court imposes a new term of supervised release "after imprisonment" upon revocation, that term "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release,

*less any term of imprisonment that was imposed upon revocation*." No one disputes that Ruiz-Valle's § 922(g)(1) violation is the crime underlying his original supervised-release term; that this violation is a Class C felony; and that the maximum authorized supervised-release term for that crime was 36 months. Because the district court sentenced him to an "aggregate term of [46] months" in prison on all his revocations, and because 46 months "exceeds" 36 months, Ruiz-Valle argues that the court "erred in imposing additional supervision."

Citing United States v. Maxwell, 285 F.3d 336 (4th Cir. 2002), the government in its brief "concedes that once the district court sentenced Ruiz[-Valle] to 36 months of imprisonment on his revocations in this case, the court erred under § 3583(h) by imposing additional supervised release." The government insists, however, that Ruiz-Valle invited the error he now tries to challenge. Cutting through the parties' thrust and parry, we note that Ruiz-Valle argued -- ultimately and concisely -- for "no further supervision" and so reject the government's invited-error theory.

"[W]e ordinarily review sentences imposed following revocation of supervised release for abuse of discretion." United States v. Rodríguez-Meléndez, 828 F.3d 35, 38 (1st Cir. 2016). However, in this instance, even under plain-error review (which is

not defendant-friendly), Ruiz-Valle prevails.[5]  See United States

v. Tapia-Escalera, 356 F.3d 181, 183 (1st Cir. 2004).

Every circuit to consider the question agrees that when imposing a term of supervised release following revocation of a previous term of supervised release, § 3583(h) requires that the term be reduced by all post-revocation terms of imprisonment imposed with respect to the same underlying offense.  See, e.g., United States v. Rodríguez, 775 F.3d 533, 537 (2d Cir. 2014); United States v. Zoran, 682 F.3d 1060, 1063 (8th Cir. 2012); United States v. Hernández, 655 F.3d 1193, 1198 (10th Cir. 2011); United States v. Vera, 542 F.3d 457, 462 (5th Cir. 2008); Maxwell, 285 F.3d at 342.  The rationale is straightforward:

> When the word "any" is properly read in its § 3583(h) statutory context, *Webster's Third New International Dictionary* provides that the word "any" means "all."  Specifically,

_____

[5] Plain-error review requires the appellant to show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the [appellant's] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Rivera, 51 F.4th 47, 51 (1st Cir. 2022) (quotation marks omitted).  Pointing to United States v. Rivera-Carrasquillo, 933 F.3d 33, 55 (1st Cir. 2019), the government insists that Ruiz-Valle waived any plain-error argument by not trying to satisfy his plain-error burden in his opening brief.  But Ruiz-Valle argued there that he had preserved the § 3583(h) issue below.  And after the government challenged preservation, he argued in his reply brief that the district court's error "is overwhelmingly plain" even if he had forfeited the issue.  So Ruiz-Valle's case is very much unlike Rivera-Carrasquillo, where the defendant "admitted[]" in his opening brief that plain-error review applied but then inadequately briefed his plain-error theory.  See 933 F.3d at 55-56.

> *Webster's Third New International Dictionary*
> provides that when the word "any" is "used as
> a function word to indicate the maximum or
> whole of a number or quantity," for example,
> "give me [any] letters you find" and "he needs
> [any] help he can get," the word "any" means
> "all." Here, the word "any" in the phrase
> "less *any* term of imprisonment that was
> imposed upon revocation of supervised
> release," § 3583(h) (emphasis added), is
> obviously used as a function word to indicate
> the maximum or whole of a number or quantity
> just as the word "any" is used in the
> dictionary examples quoted above.

Maxwell, 285 F.3d at 341 (some citations omitted). "Thus, a plain reading of the reference to 'any term of imprisonment' in the statute must include the prison term in the current revocation sentence together with all prison time served under any prior revocation sentences imposed with respect to the same underlying offense." Rodríguez, 775 F.3d at 537. Speaking for the Tenth Circuit, then-Judge (now-Justice) Gorsuch explained that § 3583(h)'s "language -- left unamended in 2003 and thus quite unlike § 3583(e)(3) -- *does* (*expressly*) require a district court to aggregate and credit all prior prison terms when determining the maximum amount of supervised release it can impose for any revocation." See Hernández, 655 F.3d at 1198 (second emphasis added). "So as a defendant serves . . . more time in prison for each revocation, a district court can impose . . . less time on supervised release." Id.

The government's main response is that absent controlling cases on his side (from the First Circuit or Supreme Court, which all agree he does not have), Ruiz-Valle must show that his reading of § 3583(h) "is compelled by the statute's language itself." See United States v. Caraballo-Rodríguez, 480 F.3d 62, 70 (1st Cir. 2007). The government thinks that he has not made this showing. We do. After all, Rodríguez and Maxwell both held on plain-error review that a "plain" reading of § 3583(h) requires aggregation. Rodríguez, 775 F.3d at 536-37; Maxwell, 285 F.3d at 342. Maxwell actually called this an "obvious[]" reading. See 285 F.3d at 341. We agree. And we also find the government's position here passing strange, seeing how it conceded in Maxwell that this kind of error is "plain for purposes of establishing" the clear-or-obvious "prong" of plain-error review. Compare 285 F.3d at 342 (noting that "[t]he phrase 'less any term of imprisonment that was imposed upon revocation of supervised release'" in § 3583(h)'s last sentence "is not reasonably susceptible to an interpretation which . . . ignore[s] any prior terms of imprisonment imposed as part of prior postrevocation sentences, for the same underlying offense"), with id. at 339 (noting that "[a]lthough the government opposed Maxwell's argument in its appellate brief, at oral argument, the government candidly

and forthrightly conceded all issues in the appeal in favor of Maxwell").[6]

## III.  CONCLUSION

The district court's prison sentence upon revocation is **AFFIRMED,** and the imposition of the one-year supervised-release term to follow is **REVERSED.**  Accordingly, we **REMAND** to the district court for the limited purpose of entering judgment without any additional term of supervised release in accordance with this opinion.

---

[6] That the plain or obvious reading of the statute supports plain error distinguishes Ruiz-Valle's case from Caraballo-Rodríguez, an opinion the government relies on.  See 480 F.3d at 71 (observing that "[t]he dictionary definitions" of key statutory terms "do not prove [defendant's] claim").  It also distinguishes his case from United States v. Richards, another opinion the government cites to.  See 243 F.3d 763, 771 (1st Cir. 2000) (concluding that an "interpretation" pressed on appeal was not "obvious" under relevant statutory language).