**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 25-4072

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAMARTIE GRADE, a/k/a Tremartie Grade,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:15-cr-00131-MOC-DCK-1)

_____

Submitted:  November 25, 2025                          Decided:  December 2, 2025

_____

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Chiege Ojugo Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant.  Russ Ferguson, United States Attorney, Julia K. Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tramartie Grade appeals the sentence imposed for the second revocation of his supervised release. In 2015, Grade pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Grade to 92 months of imprisonment, followed by three years of supervised release. In 2023, after serving his original sentence, the district court revoked Grade's supervised release for violations of the conditions of his supervised release. The court imposed a sentence of time-served to be followed by 24 months of supervised release. Relevant here, in 2025, Grade's probation officer again sought revocation of Grade's supervised release based on five new violations. The court revoked Grade's supervised release and sentenced him to 7 months' imprisonment with 12 months of supervised release to follow. Grade now appeals, arguing that the district court procedurally erred and imposed the additional 12 months of supervised release in violation of the statutory maximum. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release. [We] will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). To determine "whether a revocation sentence is plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable," applying the same general considerations used in evaluating original sentences, "with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (citation modified). "Only if a sentence is either procedurally or substantively unreasonable is a

2

determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious." *Patterson*, 957 F.3d at 437 (citation modified).

On appeal, Grade challenges the procedural reasonableness of his sentence, arguing that the district court improperly failed to aggregate the prior supervised release and imprisonment periods that Grade served in calculating the maximum potential supervised release available. Grade further contends that this error is plain. In response, the Government contends that the court did not err in calculating the available supervised release term remaining. Emphasizing precedent from sister Circuits and the plain language of the statute, the Government argues that district courts only need to aggregate the terms of imprisonment imposed upon revocation of supervised release, not the periods of supervised release served. Thus, the Government asserts that the 12 months of supervised release imposed was within the maximum available.

The plain text of the relevant statute instructs that the length of a term of supervised release imposed upon revocation of supervised release "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). While not directly addressed in our Circuit, other Circuits that have addressed the question found that 18 U.S.C. § 3583(h) does not require the court to aggregate and credit periods of time spent on supervised release. *See United States v. Gresham*, 325 F.3d 1262, 1267 (11th Cir. 2003); *United States v. Pettus*, 303 F.3d 480, 485 (2d Cir. 2002). Furthermore, our precedent demonstrates that proper

3

calculations only subtract terms of imprisonment, and that supervised release does not count as imprisonment. *See United States v. Maxwell*, 285 F.3d 336, 338-40 (4th Cir. 2002) (subtracting only the months of imprisonment from the supervised release available upon his second revocation); *United States v. Pierce*, 75 F.3d 173, 178 (4th Cir. 1996) ("[S]upervised release is not considered to be a part of the incarceration portion of a sentence").    Therefore, the district court did not procedurally error in imposing an additional 12-month term of supervised release, much less plainly so.

Accordingly, we affirm the sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aide the decisional process.

*AFFIRMED*
